## BULL vs. KETCHUM.

In cases of verdicts rendered before and therefore unaffected by the act of 1844, allowing interest on verdicts to be taxed, the plaintiff can only have interest for the period during which he has been delayed in obtaining judgment by the acts of the defendant.

The provision allowing a defendant who has judgment against him on the whole record the costs of an issue found in his favor " in cases where there are two or more distinct causes of action in separate counts," (2 R. S. 617, § 26,) does not apply where the different counts were for separate sums payable by the same covenant which might have been included in one count.

The defendant is not entitled to the costs of successfully opposing a motion by the plaintiff for a new trial on a bill of exceptions where such plaintiff, having a verdict for an amount sufficient to carry costs, moved because he had not been allowed to recover a further sum claimed by him.

The plaintiff is not entitled to tax the costs of such motion. Per BRONSON, C. J.

COSTS and interest. The defendant assigned to the plaintiff a bond and mortgage made by one Welty, and covenanted and

Bull v. Ketchum.

bound himself to the plaintiff for the faithful payment and performance by Welty of the conditions and terms of the bond and mortgage. The condition of Welty's bond was, among other things, that he should pay Ketchum $2000 with interest, and should also pay the ground rent on the mortgaged premises. The plaintiff sued on the defendant's covenant; and in the first count of his declaration alleged for breach, that Welty had not paid the ground rent; and in the second count the breach was, that Welty had not paid the $2000. The defendant pleaded one plea only—*non est factum*—and gave notice of special matter. On the trial the judge decided that the plaintiff was only entitled to recover nominal damages on the first count; but the plaintiff did not ask for such damages, and the judge thereupon directed the jury to find a verdict for the defendant on that count; and they did so. On the second count, the jury, in pursuance of the direction of the judge, found a verdict for the plaintiff for the $2000 with interest. Both parties were dissatisfied with the ruling of the judge, and stipulated for time to make cases or bills of exceptions. The defendant made a bill of exceptions for the purpose of setting aside the verdict on the second count; but soon abandoned it. The plaintiff made a case for the purpose of obtaining a new trial on the first count. The case was argued, and a new trial was denied. The plaintiff then perfected judgment, and in his bill of costs taxed the sum of $226,81 for interest on the verdict from the time it was rendered to the time of the judgment.

*M. T. Reynolds*, for the defendant, moved for a re-taxation of costs, on account of the allowance of interest. He also asked costs for the defendant on the issue which was found in his favor : and for the defendant's costs in opposing the plaintiff's motion for a new trial.

*A. Worden*, for the plaintiff.

*By the Court*, BRONSON, Ch. J. The law of 1844 gives interest on the verdict from the time it was obtained to the time

of the judgment, whichever party may have occasioned the delay. (*Stat.* 1844, *p.* 508, § 3.) But the statute does not retroact; (*Bailey* v. *The Mayor of N. Y.,* 7 *Hill,* 146;) and this verdict was rendered before the law was enacted. At the common law, the plaintiff is only entitled to tax interest on the verdict where the delay in obtaining judgment has been occasioned by the defendant; and not where the plaintiff himself causes the delay. (*Vredenbergh* v. *Hallett,* 1 *John. Cas.* 27, *Williams* v. *Smith,* 2 *Caines,* 253; *The People* v. *Gaine,* 1 *John.* 343; *Lord* v. *The Mayor of N. Y.,* 3 *Hill,* 430, *note.*) Here, the defendant abandoned his bill of exceptions; and the plaintiff himself produced most of the delay between the verdict and judgment, by moving for a new trial on the case which he made. The plaintiff was delayed by the defendant's bill of exceptions from the 28th of March, 1844, when the cause was tried, to the 20th of June following, when the bill of exceptions was abandoned. During that period the plaintiff is entitled to interest on the verdict. But I think he could not tax interest after that time, when he was himself the sole cause of the delay. The sum taxed for interest must therefore be reduced to $38,70

The defendant asks costs on the issue which was found in his favor upon the first count of the declaration. But the statute only gives the defendant costs in such cases " when there are two or more *distinct causes of action,* in separate counts." (2 *R. S.* 617, § 26.) Here, there was only *one* cause of action—the defendant's covenant that Welty should pay and perform the conditions of the bond and mortgage which was assigned to the plaintiff. The two counts amounted to no more than the assignment of two breaches of the covenant, both of which might have been assigned in a single count. And besides, the plaintiff was strictly entitled to a verdict on the first count, which he waived because the judge ruled against allowing any more than nominal damages. The case does not come within those to which we are referred. (*Seymour* v. *Billings,* 12 *Wend.* 285; *Crittenden* v. *Crittenden,* 1 *Hill,* 359.) This motion should be denied.

It seems to be reasonable that the defendant should have costs

for opposing the unsuccessful motion which the plaintiff made for a new trial; and the case of *Williams* v. *Smith*, (2 *Caines*, 253,) favors the claim. But the title to costs depends upon the statute; and we have not been referred to any provision which gives costs in such a case. Although the plaintiff recovered, he was not entitled to costs on the motion for a new trial, and he has not taxed any.

The amount allowed for interest should be reduced to the sum which has been mentioned; and the defendant's motion for costs should be denied.

Ordered accordingly.