## EDWARD MARTIN vs. CATHARINE MARTIN.

A declaration in ejectment containing several counts, and in each count distinct portions of separate and distinct lots of land are claimed, and in one of which the whole premises are claimed; the verdict being for Plaintiff for a portion of one distinct lot in a particular count only, and the Defendant found not guilty as to the remaining counts, he cannot recover costs under the statute against the Plaintiff, on the counts upon which he was discharged.

The causes of action in the different counts are substantially the same.

Where there are two or more distinct causes of action in separate counts, the Plaintiff shall recover costs on those issues which are found for him, and the Defendant on those which are found in his favor. (2 R. S. 617, § 26.)

*Motion by Defendant for costs of issues found in her favor*—This was

an action of ejectment tried at the last Dutchess circuit. The declaration contained three counts. In each count the Plaintiff claimed an undivided interest in two separate and distinct lots of land. In the first count he claimed 1-18th; in the second count 1-9th; and in the third count he claimed the whole premises. The jury found a verdict for the Plaintiff on the second count, for 1-9th of the first described lot; and found the Defendant not guilty, as to the other lot, and as to the first and third counts. The Defendant now claims costs for the issues found in her favor.

U. COLE, *for Deft.*
WM. ENO, *for Plff.*

BARCULO, Justice.—The Defendant's claim is founded on the 26th section of the Revised Statutes, in relation to costs, (2 R. S. 617,) which provides that " when there shall be several issues joined in any cause, and a verdict shall be rendered for the Plaintiff on one or more of them, and for the Defendant on another, if the Plaintiff obtained judgment upon the whole record, costs shall be awarded as follows :

" 1. When the substantial cause of action was the same in each issue, the Plaintiff shall recover the costs on those issues which were found for him, and shall not be liable to the Defendant for the costs of the issue, which shall have been found for such Defendant.

" 2. When there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on those issues which are found for him ; and the Defendant on those which are found in his favor."

It is contended by the Defendant's counsel that each count in the declaration contains a *distinct cause of action*, and that therefore the case comes within the second subdivision of the statute. The case cited (*Crittenden* vs. *Crittenden*, 1 Hill, 359,) does not sustain the position. In that case the Plaintiff claimed an estate in *dower* in one count; and an estate *in fee as heir-at-law* in the other. The titles were essentially different, and required different evidence. But in the present case the causes of action in the different counts are substantially the same. The Plaintiff claims all the premises in fee, and the counts only vary in the degree of interest claimed. Each count requires the same line of proofs, but differs from the others, in order to meet the uncertain views of the jury upon a conflict of evidence, or the opinion of the court upon some disputed legal question. (*Bull* vs. *Ketchum,* 2 Denio, 188.)

Nor do I think the case of *Seymour* vs. *Billings*, (12 Wen. 285,) will warrant this court in granting this motion, upon the ground that the Plaintiff wholly failed to make out his right to recover as to the second

lot mentioned in each count. In that case the rule was so applied to an action of *replevin*. But I am constrained to say, that I cannot consider that case as an authority beyond that particular action. If we adopt the general rule, that the Defendant is entitled to recover costs, whenever the Plaintiff fails as to any distinct item of his claim in a count, it will be rare indeed that an action of trover, debt, or assumpsit, will be tried without being followed by a similar motion.

The motion must be denied, without costs.