SILAS STEEN, Administrator, *vs.* JAMES FINLEY, Judge of Probate, &c.

The statute (Hutch. Co. 836, § 26,) declares that every joint bond, covenant, bill, or promissory note, shall be deemed and construed to have the same effect in law as a joint or several bond, covenant, bill, or promissory note. *Held*, that this statute abolishes all distinction in remedies upon joint or joint and several obligations; their legal effect being the same.

This court will not notice defects in pleadings in the court below, which the parties have agreed shall be waived, and the case tried upon its merits.

The ten per cent. damages were awarded under the act of 1839, (Hutch. Co. 679,) and the bond of the administrator was executed in 1837. *Held*, that the statute under which the damages were awarded cannot be made applicable to this case, and thus far the judgment is erroneous.

IN error from the circuit court of Rankin county; Hon. W. P. Harris, judge.

This was an action of debt in the name of the judge of probate, for the use of the distributees of Robert Steen, deceased, against Silas Steen, administrator of William Steen, deceased, who was administrator of said Robert Steen, deceased, and said Silas Steen individually, and founded on the administration bond of William Steen as administrator of Robert Steen, with said Silas Steen as security, to enforce payment of a decree of the probate court of Rankin county, rendered 27th

March, 1848, against Silas Steen, administrator of William Steen, deceased, for the sum of $6,693.19, being the balance found due on a final settlement of the administration of William Steen on the estate of Robert Steen, deceased.

To this the defendant pleaded specially in bar several pleas.

1st. That his intestate, William Steen, deceased, made a final settlement of his administration on Robert Steen's estate at the June term, 1841, and sets out the record of proceedings in his plea, and that William Steen died and the defendant became his administrator, and that the plaintiff's usees filed their bill or petition in the nature of a bill of review to vacate the final settlement made by William Steen in 1841, and have a new settlement made .by the defendant as his administrator, and that the decree of the probate court mentioned in plaintiff's declaration was held against defendant by plaintiff's usees as a settlement of the administration of William Steen on the estate of Robert Steen, and was without jurisdiction by the probate court, and void.

2d. That William Steen made a final settlement of his administration on Robert Steen's estate at the June term, 1841, of the probate court of Rankin county, and which remains in full force, &c.

To the first plea, the plaintiff has replied, that the settlement made by William Steen, as set out in defendant's plea, was made without any notice given by him, as required by law, and was without jurisdiction in the probate court, and void, and the proceedings by plaintiff's usees were not by a bill or petition in the nature of a bill of review to vacate the final settlement made by William Steen in 1841, but that said final settlement being void, they filed their original petition to compel a final settlement of the administration of said William Steen of the estate of Robert Steen, deceased; and that the decree of the probate court, mentioned in the plaintiff's declaration, was had by proper proceedings on said petition, and was not without jurisdiction had by said probate court, and was not void.

And to the second plea, plaintiff replied by a general denial.

The defendant demurred to the plaintiff's replication to his first plea, and by the agreement filed in the cause, it is submit-

ted as to law and facts, and the two special replications in estoppel are to be considered as part of the plaintiff's pleadings, setting forth, at length, that the defendant was estopped from pleading his first and second plea to this action, because the same matters had been plead in the probate court by him in the proceedings by plaintiff's usees against him, and had been finally adjudicated by that court, and to which a rejoinder by defendant of any matters found in the record and evidence, is to be considered as filed.

The questions presented by the record are:—

1st. Can the defendant be sued as administrator of the deceased obligor, William Steen, jointly with himself as survivor?

2d. Was the settlement made by William Steen, as administrator of Robert Steen, deceased, at the June term, 1841, as set out in defendant's first plea, void, or did it operate as a bar to the subsequent proceedings by plaintiffs?

*D. Mayes*, for appellant.

The statutory provision, which I am told it is believed authorizes this joint suit, is: "In case of the death of one or more joint obligor or obligors, the joint debt or contract shall, and may survive against the heirs, executors, and administrators of the deceased obligor or obligors, as well as against the survivor or survivors; and when all the obligors shall die, the debt or contract shall survive against the heirs, executors, and administrators, of all the said joint obligors." Hutch. Code, 836. The above provision has no reference whatever to several or to joint and several contracts. It is by its terms confined to joint contracts, and in no degree changes or abolishes any part of the common law, when the contract is, as in the present case, joint and several.

Certain inconveniences and evils were supposed to result from the common law rules, with respect to joint contracts; and to remove them the act was intended. Although greater embarrassments in the administration of justice may arise from this change than those removed, still the legislature had (and have exercised) the power of passing this law, which, I admit,

upon a fair construction, authorizes the joint action against the survivor and the representatives of a deceased obligor. When it is said, the joint contract shall survive, it must survive as a joint contract, and being a joint contract, there may, of course, be a joint remedy. It would be doing violence to the plain meaning of the words to interpret them, that by death the joint should be converted into a joint and several contract, and a several remedy be had. The mere expression, that the joint obligation shall survive, by force of the terms, makes it continue, what in its creation it was, a joint debt or contract. By force of the statute, then, the joint action may be maintained in cases embraced by it; it cannot be maintained in cases to which the statutory provision does not extend. The statutory provision does not extend to cases of joint and several bonds. *Ergo*, the joint action cannot be maintained against survivor and administrator, where the bond is joint and several. They have an early statute of 1789, in North Carolina, to the same effect as ours. It being passed before Tennessee became a separate State, is in force in the latter State, and forms the basis of their practice. I have not found, that in either of those States a joint and several contract has been held to be embraced.

The cases of *Smith* v. *Fagan*, 2 Dev. 302; *Tipton* v. *Harris*, Peck, 414; *Simpson & Choat* v. *Young et al.*, 2 Hum. R. 514, harmonize with my position.

The distinction for which I contend reconciles all the Mississippi decisions, and confirms them on principle.

The case of *Poole* v. *McLeod*, 1 S. & M. 391, has been supposed to conflict with, or to have been overruled by the cases of *Jones* v. *Stanton*, 7 How. 606; *Henderson* v. *Talbert*, 5 S. & M. 109; *Woodhouse* v. *Lee*, 6. Ib. 161.

The apparent discrepancy arises from an imperfect report of the first case. The reporter has not stated that the case of *Poole* v. *McLeod* was founded on a joint and several writing. This will appear by reference to the record which, in the *precipe*, gives a copy of the note, and the contract being joint and several, the court decide it on the principles of the common law, and hold that the action cannot be maintained. In every case

in which it has been held, or insinuated, that the survivor and the representative of a deceased maker or obligor might be joined, the contract was joint only.

*Mann* v. *Sutton*, 4 Rand. R. 253, is in principle a case in point. By an act of the Virginia legislature, a joint action was given against the drawer and indorsers of a bill of exchange. By another act, certain notes were placed on the same footing with bills of exchange. A bill single or sealed promise was executed and indorsed, and a joint action brought against the maker and indorser. The court held, that the statutes, being in derogation of the common law, must be confined to promissory notes and bills of exchange, and that the instrument in that case being not a simple contract, but a specialty, the joint suit could not be maintained. The language of the statute embraces only joint contracts, and the language of a statute is not to be enlarged or limited by construction, unless its object and plain meaning require it. *Doane* v. *Phillips*, 12 Pick. 223, 226.

Indeed, a failure of justice is not sufficient to justify giving effect to a statute beyond, or against the plain meaning of its language. *Pitman* v. *Flint*, 10 Pick. 506; and see *Melody* v. *Reab*, 4 Mass. 471; *Gibson* v. *Jenney*, 15 Ib. 205; *Com.* v. *Knapp*, 9 Pick. 496; *Wilbur* v. *Crane*, 13 Ib. 284; *Locke* v. *Miller*, 3 Stew. & Port. 13.

In the declaration, no breach of the condition is assigned. This will be apparent, by an analysis of the undertakings in the condition. They are: —

1st. That William Steen, administrator of the goods, chattels, and credits of Robert Steen, deceased, do make a true and perfect inventory, &c., and exhibit the same in the orphans' court.

2d. That he administer such goods and chattels according to law.

3d. That he make a just and true account of his actings, when thereto required by said court.

4th. And all the rest and residue of said goods and chattels and credits, which shall be found remaining upon the account of the said administrator, the same being first examined and allowed

by said court, shall deliver and pay, to such person or persons respectively as are by law entitled to receive the same.

5th. If well discovered, to deliver up letters. If there is any breach, it is under the fourth head. It is obvious that the second has reference only to the administration, anterior to the settlement, and that the fourth specifically refers, and that only refers, to distribution ; and it cannot be stretched, I care not by what violence, into a stipulation, that if he died before settlement, his administrator should settle the account and make distribution. Yet it must stipulate for this, or there is no breach assigned.

The plaintiff, if entitled to recover at all, was not entitled to the ten per cent. on the decreed sum.

It is supposed the ten per cent. was given under the act of January 30, 1839. Hutch. Code, 679.

" When any person or persons, having a legacy bequeathed in any last will and testament, shall sue for and recover the same, either in law or in equity, it shall be the duty of the court or jury, as the case may be, to give judgments in case of a decree of the court, and a verdict, if in case of a trial by jury, for ten per cent. damages, in addition to the interest now allowed by law upon the amount of money so recovered or decreed, and also upon the worth of property, in case of a specific legacy.

" The above rule, as to damages in case of a recovery, shall apply to distributees against administrators, and wards against guardians."

The statute does not apply to the present case, for —

1st. It only has relation to a suit by distributees, against the administrator of the estate of which they are distributees, who having the power, and being under the duty, to make distribution, failed to perform that duty.

This is a suit against the administrator of an administrator, not for the failure of the first administrator, to make distribution, he having been ordered by the court to do so, but for the failure of the second administrator to make distribution of the estate of Robert Steen, whose administrator he was not, and whose assets he had no power over, and could not distribute.

Steen *v.* Finley.

The statute is penal, and must be construed strictly. In its terms and its reason it is confined to suits against the administrator, and does not reach the case of a suit against the administrator of that administrator who could not distribute the first estate. 3 Mass. 523; 5 Ib. 380; 7 Ib. 458; 15 Ib. 205; 7 Ib. 306–310, 523.

2d. The administration bond, in this case, was executed 22d February, 1837, before the passage of that act. The statute is not, in terms or by necessary implication, retroactive, and can only extend to cases of administration granted or bonds executed after its passage.

It is a well settled rule of construction, that statutes are not to be construed retrospectively, unless it shall clearly appear that it was so intended by the legislature, either by necessary implication or express provision. *Helmore* v. *Shuter*, 2 Show. 16; 2 Mod. 310; 2 Ld. Ray. 1352; *Holden* v. *Jones*, 11 Mass. R. 396; *Lewis* v. *Webb*, 3 Greenl. 326; *Dash* v. *Van Kleek*. 7 Johns. R. 477; *Lewis* v. *Brackenridge*, 1 Blackf. R. 220; *Prop. Ken. Purchase* v. *Laboree*, 2 Greenl. 275; *Wilkinson* v. *Leland*, 2 Pet. R. 627; *Satterlee* v. *Matthewson*, Ib. 380.

The English courts, as early as 1667, held that a statute could not operate retrospectively, and have uniformly adhered to that doctrine; " *Nova constitutio futuris formam imponere debet et non . præteritis*," is the rule laid down by Bracton, Liber IV., 228. The same doctrine prevailed in the civil law: " No future law can operate to the prejudice of any past action. It is an equal absurdity, that law in the one case should *valere ad ventura*, or in the other *ad præterita*." Taylor, Civil Law, .168. He proceeds: " What I have said of the prevalence of law *in futurum* only, will have its use in the following considerations. I have said that no lawgiver was tied down to his own resolutions, but either he himself, or those that come after him, upon proper emergencies and proper suggestions, might alter them for the public advantage. It must, however, be understood with this restriction, ' that he cannot alter his mind to another man's disadvantage, (D. 50, 17, 75,) or amend a law which to another has created a right.' "

When William Steen executed the bond here sued on, the

measure of damages in case of failure to make distribution was fixed by the then existing law. It was, that he and his sureties should pay the damages actually sustained, which extended to and not beyond principal and legal interest. This was the full measure of responsibility contemplated or incurred by the parties, or stipulated for in the bond. The law fixed in them a right to be discharged from the penalty by paying these damages, and subjected them to no other recovery by force of the bond. To give the statute an application to this case, is to add ten per cent. to the liability incurred by the parties when they made it, and to say by construction, that the legislature might alter, and had "altered its mind to another man's disadvantage," by increasing the capacity of the bond ten per cent., and adding ten per cent. to the securities' responsibility, for the acts of his principal. With a view to this additional liability he did not become surety. With this measure of damages, this penalty on him for the act of another, it may be he would not have executed the bond. Certainly it is to throw on him a weight of responsibility which he never agreed to incur, to hold him bound for a penalty, by force of the bond, which was wholly unknown to him and to the law when he executed it. But, " the very essence of a new law is a rule for future cases," says Chancellor Kent, and also, says a much higher authority, the fixed and eternal nature of truth and of justice, as established by the author of all things.

" Upon principle, every statute which, as to the citizen, takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability, (I would add, or penalty,) in respect to transactions or considerations past, must be deemed retrospective." *The Society, &c.* v. *Wheeler*, 2 Gallis. R. 139 ; *Morse* v. *Hovey*, 9 Ib. 199.

Had the statute in express terms included past administrations and bonds before executed, it would have been a law impairing the obligation of the contract, and void. The laws which limited the extent of liability under the bond, were as perfectly binding on the parties, "and as much formed a part of the contract, as if they had been set forth in its stipulations

in the very words of the law," which defined the damages to be assessed if the condition should be broken. *Mc Cracken* v. *Hayward*, 2 How. U. S. 608; *Conrad* v. *The Atlantic Insurance Company*, 1 Pet. R. 441; *Bronson* v. *Kinsie*, 1 How. 311.

It is upon this principle, that a discharge under the bankrupt laws of a State, will bar actions on contracts made in that State after its passage, but will neither bar an action on a contract made in that State before its passage, nor on a contract made out of the State after its passage. The *lex loci contractus*, at the time of the contract, forms part of it, as much so as if written out *in extenso* in it.

*T. P. Ware* and *W. C. Harper*, for appellee.

We contend, that the joinder of the parties in the same action was correctly done, and in strict accordance with the statute and decisions of our State. Hutch. & How. 578, § 8; Hutch. Code, 836, §§ 25, 836; *Jones* v. *Stanton*, 7 How. 601; *Henderson* v. *Talbert*, 5 S. & M. 109.

The account was merely received and ordered to be recorded as a final settlement of the estate, without any proof that the administrator had ever attempted to give any notice in any manner, and which, however, if given without the directions of the probate judge, would have been a nullity. See 1 How. R. 60; 5 Ib. 736; 2 S. & M. 287, 326; 6 Ib. 259; 7 Ib. 454, 455; 5 Ala. R. 473; in which last case every position above taken is fully sustained, and under a statute identical with ours in regard to final settlements.

The petition filed by the distributees of Robert Steen in the probate court expressly charges, that no notice whatever was given by William Steen, as required by law, for the settlement made in 1841, and which is now attempted to be set up as a bar to this suit, and expressly charges that his account was false and fraudulent, and that the plaintiff's usees were entitled to a resettlement of the administration. To which allegations, the defendant, Silas Steen, as administrator of William Steen, filed his answer, admitting the material allegations of the petition, but as to the final settlement stating that " it was intended for a final settlement of said estate, and the said account was

by the court received and ordered to be recorded as a final settlement; but this respondent has no certain knowledge or information as to what notice was given previous to the presenting and receiving said account."

The record did not show any notice, nor was any evidence of it introduced into court, for aught that appears by the original record or defendant's answer. By the authorities cited it seems clear, that even where a notice is given it is only good and valid because the court directed which of the statutory modes should be pursued in giving it. But if it is supposed that the giving notice by the administrator, without the direction of the court, would have been good, then the defendant has not secured to himself the benefit of even that doubt, by an allegation of notice in his answer. In fact, the answer and the want of any showing in the record of the settlement in 1841, when taken together, make a clear admission that the court and administrator entirely overlooked that part of their duty which required notice prior to the final settlement; and if so, then it was void.

By statute, (How. & Hutch. 472, § 16; North on Prob. 33, § 1,) the judge of probate is required to hold a court monthly, on the fourth Monday of each month, at the court house of his county, and has also authority to hold special terms, by giving notice as directed by statute; at which time no other business than that specially mentioned in the advertisement shall be heard and determined. This statute has not been repealed or altered as to Rankin county. By reference to exhibit B., being the certified copy of the record of the probate court at the April and June terms, 1841, and which is attempted to be set up by defendant's first plea in bar of the present suit, it will be seen that the court at which the pretended final settlement was made by William Steen, was held on the fourth day of June, 1841, instead of the fourth Monday, as required by law. And it does not appear by the record, that said fourth day was the day of a special term, and in fact it was not; and, consequently, if for this defect alone, the settlement would be void. See *Moore and Wife* v. *Cason's Administrator*, 1 How. R. 60.

If the settlement made by William Steen in 1841 was void,

it constituted no bar to the proceedings by plaintiff's usees to compel a final settlement of his administration on the estate of their ancestor, by a proper original proceeding for that purpose. *Washburn* v. *Phillips*, 5 S. & M. 600; *Pendleton* v. *Prestige*, 12 Ib. 302; *Neal and Wife* v. *Wellons*, 12 Ib. 649. A void judgment may be disregarded even in a collateral proceeding.

But the defendant is estopped by the proceedings in the probate court from setting up the alleged settlement by William Steen in 1841, in bar of the present suit. The replications in estoppel filed by plaintiff, and marked Exhibits C. and D. to the agreement, clearly show that the identical matter was relied on by Silas Steen in his answer to the petition to compel a resettlement, and submitted to the jurisdiction of the probate court, and was decided on in favor of plaintiff's usees; and the record shows that that decision is not appealed from, &c. See 1 Greenl. Evid. §§ 530, 531, and notes; 2 Smith's Lead. Cases, 444, 445.

*Potter*, on the same side.

The counsel for appellant admits that our suit would have been proper if this were a joint bond; but he insists that neither the statute nor the decisions apply to joint and several bonds. He cites Hutch. 836, showing that the joint debt or contract survives against the administrator, &c. of a deceased joint contractor; but overlooks the next succeeding section, which makes all such contracts joint and several. The act can only apply to joint and several contracts, for it converts all joint contracts into them. The decisions above referred to, are upon contracts joint and several under the statute. Further, the act provides that administrators shall be liable to be sued, except for torts, "in any action which might have been maintained against the deceased." Hutch. 670, § 111.

The breach is well assigned. It declares that William Steen, administrator, received a large amount of assets of estate of Robert Steen, and that he and his administrator failed to pay over, and then sets out the decree against the administrator of William Steen, upon the accounting had at the instance of these distributees. The objection, in fact, denies that William

46 *

Steen's administrator is at all liable to account or pay over, and is an attempt to reargue the point discussed the other day in a branch of this case. If the administrator of an administrator is liable to account, the breach is well assigned. In effect, the argument of the counsel denies any liability upon the bond, in a case where an administrator wastes an estate and dies before final settlement; for, says he, there is no breach in such a case. Where sureties are about to be held liable, they may avoid the liability by putting the principal under the sod, if the argument be correct. The agreement of parties is, that pleadings should be considered as amended, and the case decided on the merits; and the recovery is, therefore, good, if any recovery could possibly be had on the bond.

It is also objected, that we are not entitled to ten per cent. damages against the sureties; and the argument is based upon the fact, that the statute allowing damages is subsequent to the date of the bond, and does not apply to proceedings against sureties on administration bonds. We say that all the parties are alike liable for these damages. It is idle to insist here, that the act is retrospective, and imposes a penalty for an act done before its passage. The default in this case occurred long subsequent to the date of the statute. It relates to all suits brought after the passage of the statute for distributive shares, &c., and it imposes the damages for the wilful refusal or the failure to pay without suit. It applies only in cases where the parties entitled are compelled to sue for their rights; and the question involves the power of the legislature to give damages against parties who thus obstinately persist in refusing justice to the orphan. The gentleman seems to think the obligors made it a part of their contract, that they might thus refuse to pay until compelled by suit. What was the administrator bound to do? Among other things, he was well and truly to administer, and pay the balance to the distributees. If he failed to do either, his bond was forfeited, and his sureties liable. Have they a contract right still to refuse payment, and litigate to the end? We say not, and the statute justly punishes their perversity. If they are disposed to do justice, let them pay up, and they avoid the damages. We say, let them

pay, for principal and sureties are in the same category; they contract for and are bound with him, and are as much bound to see that he acts faithfully, as he is so to act. If they will delay the orphan by suits, and compel him to employ counsel, ought they not to pay damages? The whole matter of damages is apart from the bond, and was intended as compensation for expenses and delays incident to the unjust litigation caused by default of the administrator and sureties.

It is said, the ten per cent. damages are chargeable only against the administrator, and not against his sureties, by the very terms of the law. This is a mistake. The damages are to be given in all suits for legacies and distributive shares. It is true, the words "distributees against administrators" are used, and nothing is said of the sureties of the administrator. But the act covers any suit at law or in equity for a distributive share. In this case, there is a money demand. How is it to be recovered? By suit on the bond against administrator and sureties; and in that way only. Does not the act apply to a suit for such a share? Clearly so. And it is equally clear, that the damages are to go against all the parties to the suit; the parties against whom the decree or verdict is rendered.

There is a special agreement in the case, under which the court was to decide upon the merits; and this renders useless all discussion upon the pleadings.

I refer to another case upon the right of the probate court to compel an administrator of an administrator to settle the account. *Curtis* v. *Bailey*, 1 Pick. 198.

Remedial laws are to be liberally expounded, even though apparently penal. Case in 3 or 4 How. U. S. R.

Mr. Justice YERGER delivered the opinion of the court.

Several of the points presented by this record were decided in the case of *Silas Steen, Adm'r,* v. *Silas L. Steen et al.,* [ante, 513,] and it is not necessary, therefore, to notice them again.

This action is brought on the bond of William Steen, as administrator of Robert Steen, deceased, against Silas Steen, the administrator of William Steen, deceased, and the sureties

on the bond. The bond is joint and several; and it is alleged, that the administrator and sureties are improperly joined.

It is admitted by the counsel for the plaintiff in error, that if this bond was joint only, the action could be maintained by virtue of the statutory provisions on that subject. Hutch. Co. 836, § 25.

But it is said, that section does not apply to joint and several obligations. It will be seen, however, that section twenty-six of the same statute declares, that " every joint bond, covenant, bill, or promissory note, shall be deemed and construed to have the same effect in law as a joint or several bond, covenant, bill, or promissory note."

This statute abolishes, in our opinion, all distinction in the remedies which a party is entitled to upon a joint or joint and several obligation; and if he could sue the administrator of a deceased obligor, and the survivors in the same action, where the obligation is joint in form, but in legal effect joint and several, there is no reason why the same action may not be maintained in an obligation which is in form joint and several.

That such a suit may be maintained on an obligation joint in form, has been decided by 5 S. & M. 110.

Secondly. It is said that there is no sufficient breach of the administrator's bond, and, therefore, the judgment should be reversed. This objection, in our opinion, would be good, but for an agreement in the record, by which it was agreed that the cause was submitted in the court below " upon its merits, to be decided upon the pleadings, without any technical objections thereto by either party; and if the pleadings should be found defective, they shall be considered as amended by the party, according to the law and evidence as presented in the record."

We are satisfied, that on the evidence as contained in the record, a breach of the administration bond had taken place, and that the same, by an amendment of the pleadings, could have been assigned; and as we are to treat the amendments as made which in law could be made, we are compelled to disregard this assignment of error.

Third. But it is said, that the court erred in awarding ten per cent. damages against the administrator of the principal obligor and the sureties. These damages were awarded under the act of 30th January, 1839. Hutch. Co. 679.

The administration bond in this case was executed on the 22d February, 1837, before the above law was passed.

We could not apply the statute to this case, without giving it a retrospective application, and also enlarging the contract of the sureties.

When they became bound as sureties of William Steen, there was no law imposing such a penalty; nor do we think that the court can now impose any additional burden upon them, not undertaken by them at the time they entered into the bond. The judgment of the court below will, therefore, be reversed as to the ten per cent. damages, but allowed to stand as to balance.