## HORNER *v.* LYMAN.

### December, 1868.

The sureties in an undertaking given for the payment of such judgment as may thereafter be awarded in an action, are not discharged from liability on the undertaking by the fact that under a statute passed after the undertaking was given, the court awarded damages by way of costs, as a part of the judgment, which were not authorized by law at the time of giving the undertaking.

The obligation of sureties in such an undertaking is to be interpreted by the law as it exists at the time they are called upon to perform it.

James Horner and James Ludlum, brought two actions against David H. Lyman and Richard L. Allen, in the supreme court, on two undertakings given pursuant to the provisions of the Code of Procedure, in previous actions. The present actions were consolidated and tried before a judge, who found that in 1855 the plaintiffs, (with one Grant, whose administrator subsequently assigned the cause of action to plaintiffs,) recovered two judgments against certain third persons, and the latter appealed therefrom, and for the purposes of the appeal the present defendants gave the undertakings sued on, by which they bound themselves "that the said appellants will pay all costs and damages which may be awarded against them on said appeal, not exceeding two hundred and fifty dollars, and do also undertake, that if the said judgment so appealed from, or any part thereof be affirmed, the said appellants will pay the amount directed to be paid by the said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against said appellants on the said appeal."

The undertakings were given in 1857. In 1858, the legislature passed an act authorizing the appellate court, on affirming a judgment, to award damages to the respondent, for the delay, not exceeding ten per cent. on the amount of the judgment.

In 1861, the appeals in question were heard, and the court affirmed the judgment, with costs, and with the ten per cent. damages which the statute permitted.

The sureties now being sued on their undertaking, objected that by the enlargement of the power of the court, and the increased liability attempted to be imposed on them, they were discharged.

The *supreme court* held the defence untenable, and gave judgment for the full amount claimed. Defendants appealed.

*John K. Porter*, for defendants, appellants;—Reviewed the history of the allowance of damages on appeal, and insisted that even if the amendment of the law could be deemed retrospective, it could not bind the sureties. (See principal authorities in memorandum of the dissenting opinion of MILLER, J., below.)

*E. Wells*, for plaintiffs, respondents.

BY THE COURT.—GROVER, J.—The only question discussed by the counsel for the appellants was, whether the defendants were discharged as sureties upon the undertakings given upon the appeals to the court of appeals, by reason of the allowance by the court of five per cent. upon the judgments appealed from, to the respondents, as damages, by virtue of L. 1858, p. 493, § 11, subd. 6. The other questions raised upon the trial were not insisted upon by the counsel, and there is nothing requiring consideration in any of them.

The section above referred to was passed during the pendency in the court of appeals of the cases in which the undertakings were given. It is insisted by the counsel for the appellant, that the statute in question can only be applied prospectively to cases where the appeal was brought after its enactment, and several authorities are cited in support of this position.

It is not necessary to determine this point, for if the counsel is correct, it would only show that the court of appeals committed an error in rendering the judgment. Such, even if committed, would not discharge the sureties upon the undertaking. They undertook, in case of affirmance of the judgment, or any part of it, to pay the amount directed to be paid by said judgment, and all costs and damages which might be awarded against the appellants upon the appeal. This

bound the sureties to pay the judgment if affirmed, although the court might have erred in point of law in such affirmance. It also bound the sureties to pay the costs and damages awarded by the court, although a similar error might have been committed in awarding the same. It was therefore immaterial as to the liability of the sureties whether the statute in question applied to cases pending at the time of its passage, or to appeals thereafter brought. If the latter be the true construction, the award of five per cent. damages upon the amount of the judgment was unauthorized by law, and the judgment in this respect should have been corrected upon motion.

But it is said by counsel, that at time of the execution and filing of the undertakings by the defendant, there was no law authorizing the court to award as damages anything but interest upon the affirmance of the judgment. This is correct. The counsel from this argues that if the statute authorizing a further allowance is applicable to cases pending at the time of its passage, the liability of the sureties was thereby increased without their assent, and consequently they were thereby discharged. The same argument would apply to an increase of costs upon affirmance, made by statute. The liability of the sureties would in such case be increased, and the like effect would follow from a statutory increase of the rate of interest, and in either event, the sureties would be discharged if the reasoning of the counsel in the present case is sound. I cannot concur in this reasoning. I think the defendants' contract was entered into, subject to the power of the legislature to change the law in these respects, and that they are bound by the contract, construed by the law as it exists at the time they are called upon to perform it. This class of cases has no analogy to those where parties have, by their own acts, changed their contract to the prejudice of a surety of one without his assent. See People *v.* Vilas, 36 *N. Y.* 459. The same reasoning is applicable in this respect to the present case, as was applied by the court in that case. There is no more reason for discharging the sureties in case of a change in the statute authorizing an additional allowance of damages, than there is of a like change imposing additional costs. In neither is the surety discharged.

The counsel cites Stern *v.* Finley, 25 *Miss.* 535. In this

case, during the pendency of the action in which the bond was given, the legislature passed an act making it the duty of the court, in that class of cases, to give judgment for ten per cent. damages in addition to the interest. The court held, that the statute did not apply to pending, but to future cases only, and accordingly held, that the surety was not liable for the ten per cent. damages. In Woodson v. Johns, 3 *Munf.* ( *Va.*) 230, a similar judgment was given, the court saying that, at the time of the execution of the bond, no such damages were allowed by law. If by this the court designed to be understood that the law was only applicable to future cases, it has no application to the present case, for we have seen that that question cannot be raised in this action, but only by motion to correct the judgment of the court of appeals, and that motion must be made to that court in the original cause, according to the practice in this State. If the court proceeded upon the ground that the statute did apply to the case so far as the party was concerned, and that a judgment against him for the damages would have been legal, but that it could not be applied against the surety, for the reason that it enlarged his liability without his consent, the court should have held the surety entirely exonerated by the change. The obligation of the principal was no longer the same. He would be held upon one contract, and his surety upon another. The liability of the surety would be on the contract, under the law as it was at the time it was entered into, while that of the principal would be more extensive under the law at the time of pronouncing judgment. When the contract is changed by the act of the parties, it is never held that the principal is liable upon the new contract, and the surety upon the old, but the latter is entirely discharged. The judgment appealed from must be affirmed, with costs.

MILLER, J.,—delivered an opinion in which he examined the question whether the amendment cited extended to appeals taken previous to the period when it was adopted, and embraced the undertaking upon which the judgment in this action was obtained, and concluded that it did not, in which he relied on the following authorities: Ely v. Holton, 15 *N. Y.* 595; Hamilton v. Averill, 11 *Wend.* 622; Bailey v. Mayor, &c. of New

York, 7 *Hill*, 146; Bull *v.* Ketchum, 2 *Den.* 188; Beatty *v.* Smith, 2 *Hen. & M.* 397; Burn *v.* Carvalho, 4 *Nev. & M.* 893; Rex *v.* Wise, 2 *Barn. & A.* 204, and note; Langley *v.* Warner, 1 *N. Y.* (1 *Comst.*) 606, 607; Woodson *v.* Johns, 3 *Munf.* (*Va.*) 230; Stern *v.* Finley, 25 *Miss.* 535; Jeter *v.* Laughesne, 5 *Galt*, 210.

The learned judge then examined the question whether the fact of erroneously including these damages in the judgment wholly absolved the sureties from their obligation, concluded that it did not, but that the amount might now be deducted.

A majority of the judges concurred in the opinion of GROVER, J.

Judgment affirmed, with costs.