## NEW v. ANTHONY.

*Costs — to abide event of action — what " event" essential.*

Plaintiff recovered judgment by default as an inquest. The judgment on motion was opened, with $10 costs to plaintiffs, and the costs of the inquest " to abide the event." *Held*, that plaintiffs' right to the costs mentioned was dependent on such a recovery as would be followed by the costs of the action; and a recovery of less than $50 damages, the action being one of which a justice of the peace had jurisdiction, would not entitle him to them.

APPEAL by defendants from an order at the special term directing a re-adjustment of plaintiff's costs.

The action was brought by Abraham New against George Anthony and another for goods sold and delivered. The facts appear in the opinion.

*Henry Whittaker, Jr.*, for appellants.

*E. Goldsmith*, for respondent, cited *Snyder* v. *Beyer*, 3 E. D. Smith, 235 ; *Whitaker* v. *Desfosse*, 7 Bosw. 679 ; *Dennison* v. *Dennison*, 9 How. 246 ; *Tallman* v. *Hinman*, 10 id. 90.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DANIELS, J. The plaintiff in this action recovered a judgment on its trial by default as an inquest. That on motion was vacated with $10 costs to the plaintiff, and the costs of the inquest

to abide the event. Upon the final trial, the plaintiff recovered less than $50; and as the claim was one which might have been sued and tried in the court of a justice of the peace within the signification of those terms as they are used in the provisions of the Code concerning costs, the defendants, and not the plaintiff, were entitled to their costs in the action. They made no claim to the costs of the motion or of the inquest taken, but the plaintiff claimed that those costs should be allowed to him, because they were made by the terms of the order to abide the event of the action, in which he finally recovered a verdict for $24.

The order itself gave the plaintiff a contingent right to those costs, dependent upon the result of the litigation, and he could only become entitled to recover them by securing such a result as would be lawfully followed by the recovery of costs. As the order did not give him the costs as the result of any recovery in his favor, it must have contemplated such a degree of success as would be attended with the right to costs under the provisions of the law, and that required a recovery of the sum of at least $50. The law did not interpose for that purpose in his behalf upon the recovery of any thing less than that amount in an action of this description. Code, § 304. And where that proves to be the case, the provision is absolute that costs shall be allowed to the defendant. Id., § 305.

These provisions do not support the plaintiff's claim to the allowance of the costs of the inquest and the motion, for the costs they provide for are given to the defendants. There was no such recovery in the action as extended or vitalized the terms of the order; that rendered the plaintiff's right to costs dependent on such a recovery as should be followed by the costs of the action, and that was not secured by the plaintiff. It was not merely a verdict in his favor that was contemplated, but such a verdict as would give him the right under the law to recover the costs in the action. If that had not been the design of the court in making the order, more explicit language on that subject would have been employed.

It is manifest that the court did not regard the plaintiff as having an unqualified right to the costs in question, otherwise they would not have been made dependent upon a future event. By the direction which was given the event the right depended upon was one which the law provided should be attended with the recovery of

costs in the action. Nothing less than that could have been designed for giving the plaintiff the full benefit of what the order itself did not provide he should have. No decisive authority has been found upon this subject, but so far as they apply to it at all, the following cases support the conclusion already mentioned: *Gilbert* v. *Gladstone*, 12 East, 668; *Bull* v. *Ketchum*, 2 Denio, 188; *Koon* v. *Thurman*, 2 Hill, 357.

It was claimed that the order was not appealable, but under the rule which is now well established, that position is untenable. *Security Bank* v. *National Bank of Commonwealth*, 4 N. Y. Sup. 518, and cases cited.

The order should be reversed and the motion denied, but, under the circumstances without costs.

*Order reversed.*