### FINDLEY et al. *vs.* RITCHIE.

1. Process must be construed in reference to the law which provides for its issuance and return.

2. The act of eighteen hundred and seven, (Aik. Dig. 278,) provides, that where a writ is issued five days before court, it is regularly returnable to the next term; and it makes a writ abateable, if it be returnable at a term beyond that next to be holden.

3. A writ issued on the third of January, eighteen hundred and thirty-eight, and returnable on the fourth Monday in January *next,* is not illegal; and the word *next* in the writ, may refer to the *fourth Monday next after its date,* and not to January, eighteen hundred and thirty-nine.

Error to the County court of Wilcox.

Assumpsit on promissory note.

In this case, the County court of Wilcox, on motion of the defendant's attorney, at the term holden in January, eighteen hundred and thirty-eight, quashed the plaintiffs' writ, which was issued on the third day of January, eighteen hundred and thirty-eight, and made returnable in its body, as follows: " before the honorable the County court, to be holden for Wilcox county, at the place of

Findley et al. *vs.* Ritchie.

holding said court, on the fourth Monday in January next."

The only question raised upon the record, was, whether the word "next," referred to January, eighteen hundred and thirty-nine, or to *the fourth Monday next after the date of the writ*.

COLLIER, C. J.—By an act passed as early as 1807, (Aik. Dig. sec. 111, p. 278,) it is enacted, that all process " in any court of the territory, (except *subpœnas* for witnesses, which in term time may be made returnable immediately,) shall be issued by the clerk of such court, and shall be returnable to the first day of the term, and shall be executed at least five days before the return thereof; and if any person shall take out any writ or process while such court is sitting; or within five days before the beginning of the term, such writ or process shall be made returnable to the term next after that then held, or to be held within five days as aforesaid, and not otherwise: and all writs of process, issued, made returnable, or executed in any other manner, or at any other time, than is herein before directed, may be abated on the plea of the defendant."

This statute makes abateable, the writ in the case at bar, if it be returnable at a term of the County court, beyond that next to be holden. If the question were *res integra*, we should not consider it one of any intrinsic difficulty, yet it has been so greatly perplexed by the opposing opinions of learned judges, that we have felt not a little embarrassed in striking out a course satisfactory to ourselves.

In Bunn vs. Thomas & King, adm'rs, (2 Johns: R. 190,) a question somewhat analogous was raised. There a writ was issued, bearing teste the *twelfth day of May, eighteen hundred and six*, and made returnable on the *seventeenth day of May next*. It was contended, that as the writ was returnable in May, eighteen hundred and seven, it was absolutely void; and so the court decided. (To the same effect, is 1 Dunlap's Prac. 117, 140; and *Burk* vs. Barnard, 4 Johns. R. 3 9.)

But Scott vs. Adams, (12 Wend. R. 218,) a later decision of the same court, than the cases cited from *Johnson*, we think in direct conflict with them, and of consequence, overrules them. In that case, a *capias* was tested on the *seventh day of July, eighteen hundred and thirty-four*, made returnable on the eighth day of July next; a motion was made to set it aside, on the assumption that more than a term intervened between its teste and return. The court denied the motion, and held that the "*eighth day of July next*," should be read "*eighth day of July next after the seventh day of July*," the teste of the writ. Thus stands the question, upon the authority of foreign courts, so far as we have had access to them.

Commencing with the decisions of our own State, to which we have been referred, the case of Wallace vs. Hill, (Ala. Rep. 70,) is first in the order of time. There, the point was not as to the validity of process in the cause, but whether a promissory note, dated the *fourth day of December, eighteen hundred and twenty*, and payable "*on or before the twenty-fifth day of December next*," was due in eighteen hundred and twenty, or in December, eighteen hundred and twenty-one. The court say,

Findley et al. *vs.* Ritchie.

the most usual and known signification of the terms employed defer the period of payment to the twenty-fifth day of December, in the year next succeeding the date of the note. This decision is clearly correct, yet we cannot perceive its analogy to the present case. Language must be interpreted according to the subject matter in respect to which it is used. It was entirely competent for the parties to have prescribed such time as they could agree on, for the performance of their contract, and there was nothing extrinsic to which the court could refer to ascertain its meaning. Now, it is confessedly true, that the term *next*, in the connection in which it is found in the note, must, according to the *most usual and known signification of the terms*, mean the twenty-fifth day of the *next December*, that is, December, eighteen hundred and twenty-one. In the case before us, the writ must be construed in reference to the law which provides for the issuance and return of process. That law, as we have seen, directs that where a writ is issued more than five days before court, it is regularly returnable to the next term, and if it *be made returnable* to a more distant term, it is abateable on plea by the defendant. Now, as the writ can only be regular, upon the hypothesis that the word *next* refers to the *fourth Monday next after the third day of January, eighteen hundred and thirty-eight,* we should so interpret its meaning; unless in doing so, some rule of construction would be thereby violated. It is a rule in grammar, that " the antecedent bears relation to what next follows, unless it destroys the meaning of the sentence." By connecting *next*, with its antecedent, *January*, the meaning of the sentence, it is true, is not destroy-

ed, but the process itself is made inoperative, a result which we think may be avoided by a due regard to the subject matter, without disregarding any settled principle.

In Gibson vs. Laughlin, (Ala. Rep. 182,) the writ issued on the second day of September, eighteen hundred and twenty two, and returnable to the "next Circuit court to be held," &c. "on the first Monday after the fourth Monday in September next." The court say, "At most, the term used, viz. 'September next,' is one of double import. The return of the writ is susceptible of being rendered sufficiently certain, by a reference to its date and the time of service."

But in the Bank of Mobile vs. the State, (Ala. Rep. 290,) where a notice was issued on the sixth day of March, eighteen hundred and twenty-four, returnable "on the second Monday after the fourth Monday in March next," the court held, that the notice was defective, as being returnable to a term of the court beyond the one next succeeding its issuance.

In Brown vs. Simpson, (3 Stewt. Rep. 331,) a *capias ad satisfaciendum* appeared to have issued on the first day of November, eighteen hundred and twenty seven, returnable to the *next term* of the court, to be holden on the first Monday in January, eighteen hundred and twenty-seven. And the court, by a bare majority, determined that the process was void, because it was returnable previous to its teste. This case, it may be remarked, is unlike the present; the decision did not depend upon the interpretation of terms, yet it cannot be sustained; and the court should have considered the words "next term

Findley et al. *vs.* Ritchie.

of the court," as controlling the time expressed for the return of the *ca sa,* and held it to have been then returnable.

And in Lyon vs. Malone, (4 Porter's R. 414,) it appeared that a writ of error, sued to this court, expressed on its face no time for its return.. On motion to quash, the court said that the statute prescribing that it shall be returnable to the first day of the next term after its issuance, makes it thus returnable, and overruled the motion.

We have felt it due to ourselves, though the question is one seemingly of but little importance, to review the authorities cited at the argument, that it may be seen that our conclusion is the result of deliberation. The decisions of our own State, as well as those of others, are contradictory, and some of them, directly the opposite of each other. In such a state of things, we feel licensed to consider the question open to the operation of our own judgments, under the guidance of principle; and following the rules most approved by reason for the interpretation of language, we cannot doubt the legality of the *writ,* for the reasons already stated. We lay no stress upon the fact, that the judgment of the County court is rendered on a motion to quash, instead of putting the defendant to his plea in abatement—as in either form, it would be alike indefensible.

The judgment is reversed, and the case remanded.