## LORE v. McRAE.

1. A writ issued on the 7th January, 1847, and made returnable to "our next circuit court, to be holden for said county, on the third Monday in October next," is returnable to the next term of the court, as ascertained by law, and the insensible mention of the month of October, will be rejected.

Error to the Circuit Court of Barbour.

On the 7th January, 1847, a writ of *fieri facias* issued from the circuit court of Barbour, against Duncan McRae, and others, on a judgment previously rendered, in favor of the plaintiff in error, which was made returnable to "our next circuit court, to be holden for said county, on the third Monday in October next." The sheriff returned the execution into the clerk's office on the 14th April, 1847, and at the spring term, 1847, the defendant moved to quash the execution, and because it was made returnable to the October term, it was quashed by the court.

This is the matter now assigned as error.

BARRY, for plaintiff in error.

Lore v. McRae.

BUFORD, contra, cited Clay's Dig. 199, § 1.

ORMOND, J.—The statute referred to, directs that all process shall issue returnable to the next succeeding court, and the only question in the cause is, whether that is not the legal effect of this writ.

It was issued on the 7th January, 1847, and is made returnable to "our next circuit court, to be holden for said county." This is in precise accordance with the statute, and is not vitiated by the addition that the court thus indicated would be held in October, succeeding the time of issuing the writ. This addition was wholly unnecessary, as the law fixes, and ascertains when the next term of the circuit court will commence, and being insensible, must be rejected as surplussage. It is at most a mere clerical misprision, which is amended by the statute of *jeofails*.

In Findlay v. Ritchie, 8 Porter, 452, it was held, process must be construed in reference to the law providing for its issuance, and return, and a writ issued on the 3d January, 1838, returnable to the county court of the county, to be held on the fourth Monday in January *next*, was held to be returnable to the fourth Monday next after the date of the writ. It will be observed, that in the case here cited, the writ was not, as in this case, returnable to the *next court to be held for the county*, but to a court which it was stated was to be held in January next, after the date of the writ. Yet this court, construing the writ by the law, directing all process issued five days before the commencement of the term, to be made returnable to the next succeeding term of the court, considered the proper meaning of the term *next*, to be, the next January term of the court, after the date of the writ. No such ambiguity exists in this case. The writ is expressly made returnable to the next circuit court, to be held for the county, and as that is ascertained by law, it will control the action of the officer, notwithstanding the insensible addition, that the next court will be in October, the law having ascertained it will be in April. The sheriff was correct in

executing, and returning the writ to the next term of the court, and the court erred in quashing it for this cause.

Judgment reversed and cause remanded.