## THE STATE *vs.* ALLEN.

[SCIRE FACIAS AGAINST BAIL.]

1. *Validity of recognizance.*—A recognizance, taken by a justice of the peace, from a party who is brought before him on a criminal charge, conditioned for the party's appearance, on a day certain, before the said justice, "or some other justice of the peace," is void for uncertainty, when no place is specified for the party's appearance."

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. S. D. HALE.

THIS was a *scire facias* against bail on a forfeited recognizance. The defendants craved oyer of the recognizance, or undertaking of bail, and demurred to the *scire facias*, on the ground that the recognizance was void for uncertainty. The court sustained the demurrer, and an exception was reserved by the State to its ruling. The material facts of the case are stated in the opinion of the court.

M. A. BALDWIN, Attorney-General, with whom was G. C. WHATLEY, for the State.

JAMES B. MARTIN, *contra.*

STONE, J.—William H. Allen was arrested in Calhoun county, on a criminal charge, and carried before one Turnipseed, a justice of the peace of that county, for examination and commitment. At his instance, the trial was adjourned to a day subsequent, and he entered into bond, with surety, conditioned to appear "before the said Turnipseed, *or some other justice of the peace,* on the said 21st of this instant." There is nowhere in the bond any mention of the place at which the accused was bound to appear. The record presents the question, is this bond void for uncertainty?

The Code (§ 3396) declares, that " When a defendant is brought before a magistrate for examination, on a war-

rant of arrest, such magistrate may adjourn the examination, from time to time, as may be necessary, not exceeding ten days at one time, without the consent of the defendant; and to the same or a different place in the county; * * * if the offense is not capital, he may give bail in such sum as the magistrate directs, for his appearance for such further examination," &c.

§ 3397. "If the defendant does not appear before the magistrate at the time to which the examination is adjourned, he must certify the default on the undertaking of bail, and return the same to the next circuit court of his county; and the like proceedings must be had thereon as upon the breach of an undertaking in that court; the certificate of the magistrate being presumptive evidence of the default of the defendant."

Section 3398 provides, that if the magistrate who adjourns the examination fails to attend, any other magistrate of the county may preside at the examination, enter and certify the default of the accused, &c.

The right to have a judgment final pronounced on this bond is claimed,—

1st, Under section 2764 of the Code, which declares, that "Justices of the peace must designate certain days, at least once a month, and appoint a particular *place* within their precincts, for the trial of civil causes; but may, in cases of emergency, make their process returnable at any other time or place." The position is, that inasmuch as it is made the duty of justices of the peace to appoint a place for holding their courts, we must presume they perform that duty; and that the legal effect of this bond is, that Allen should appear at the place so appointed by the justice. This position is not sustained by the section of the Code last copied. The *place* within the precinct, which that section commands justices to appoint, is declared to be for the trial of *civil causes;* and there is not the slightest reference made to the trial of criminal prosecutions. The expression found in that section, "for the trial of civil causes," rather negatives the idea, that such appointed place should necessarily be the place where the examination of persons charged with public

offenses should be conducted. "*Inclusio unius est exclusio alterius.*"

It is further contended, that this bond is sufficiently definite, because section 3398 of the Code provides expressly that, in case of the absence of the adjourning magistrate, any other magistrate of the county may attend in his place, and proceed with the examination. The position assumed in this connection is, that the bond is in precise accordance with the terms of the statute.

This position would probably be well taken, if the bond designated any place where the accused should appear. It fails to do so. The accused would have complied with the letter of his bond, if he had, on the day appointed, appeared before any magistrate of the county, if not of the State.

To test the sufficiency of this bond, let us suppose it was taken by a circuit judge, and conditioned to appear before him, or some other circuit judge, without naming the place; or, suppose the condition should be, to appear at some named circuit court, or some other circuit court; certainly such bond would be void for uncertainty.

In the present case, Mr. Turnipseed could not possibly know that the accused did not appear before some other magistrate, and hence he could not with propriety certify that there was a breach of the condition of the bond.

We will not announce what would be our opinion, if the words, "or some other justice of the peace," were omitted from this bond. Possibly there would then be an implied obligation to appear at the place where the bond was taken.

We feel bound to hold the bond in this case void for uncertainty.—State v. Johnson, 13 Ohio, 176; Grigsby v. The State, 6 Yerger, 354; State v. Sullivant, 3 Yerger, 281; Corbis v. Waddell, 1 Barb. Sup. Ct. R. 355; White v. The State, 5 Yerger, 183; Park v. The State, 4 Gray, 329; Dillingham v. United States, 2 Wash. Circuit Court Rep. 422.

Judgment of the circuit court affirmed.