WADDILL, Ex'r, *vs.* JOHN, Guardian.

[SCIRE FACIAS—JUDGMENT BY DEFAULT.]

1. A citation to the executor of a deceased defendant, with a view to revive the suit against him, as follows: "The State of Alabama, Dallas county. To any sheriff of the State of Alabama, greeting: You are hereby commanded to summon J. Cooper Waddill to be and appear at the next term of this court, to be held on the second Monday in July, 1869," &c. "Witness my hand, this 29th day of March, 1869. E. M. Gantt, clerk," is void for uncertainty as to the court 'in which the party must appear. The defect is not remedied by the indorsement, "City Court of Selma, July term, 1869;" nor by the date indicated for the return of the process.
2. It is not error to revive the suit against the personal representative on the second day of the term to which the citation is returnable.

APPEAL from the Circuit Court of Dallas.
Tried before Hon. M. J. SAFFOLD.

The opinion states the facts.

J. N. HANEY, for appellant.—The *scire facias* issued in this case is absolutely void. The proceeding was attempted

to be had under section 2544 of the Revised Code; but the *scire facias* is entirely defective, in not showing that the defendant's death had been suggested, and a motion made to revive.—Rev. Code, § 2544.

Suits commenced by *scire facias* are like other actions, and a reasonable certainty in describing the record, which is the foundation of the action, is required.—*Toulmin v. Bennett & Laidlow*, 3 Stew. & Por. R. 220; Revised Code, § 2560.

The *scire facias* was also void, for not informing the appellant as to what court he was required to appear at. He had as much notice to appear before the supreme court, as the city or circuit court. A summons issued without mentioning *any* court *from* which it emanates, is defective and void.—Revised Code, § 2560; *James et al. v. Kirkpatrick*, 5 How. (N. Y.) R. 241.

The summons must apprize the defendant in what court he is required to appear. In this case, the appellant Waddill could not tell whether the summons or *scire facias* would be returned to the mayor's, supreme, city, circuit, or probate court.—*Dix, Agt. Palmer, v. Schoolcraft*, 5 How. (N. Y.) 233; Rev. Code, § 2560.

The summons, or *scire facias*, in this case was so defective and indefinite that the appellant could not have responded to it.—*Ib.*

The *scire facias* in this case, to have been sufficient, should have been issued by the court, "*on motion*" of the appellee, *after* the *suggestion* of the death of appellant's testator, and should have shown out of what court it issued, and to what court it was returnable, and should have been addressed to the executor as such.—Rev. Code, § 2544; *Heirs of Caller v. Malone et al.*, 1 Stew. & Por. 305; *State v. Allen*, 33 Ala. 422; 21 Ala. 257, 563; *Toulmin v. Bennett et al.*, 3 Stew. & Por. 220; *Dix, Ag't, v. Schoolcraft*, 5 How. (N. Y.) R. 233; *James et al. v. Kirkpatrick, ib.* 241.

The order reviving the suit against appellant is also not only irregular, but void, because it does not ascertain the fact of the death of William Waddill, nor the appointment

or qualification of appellant as his representative. These facts, and these alone, must exist, before the court had jurisdiction to make appellant a party, and they should have been judicially ascertained by the court; and the reviving the action against appellant, and taking judgment in the absence of these, is error, and the action of the court thereon void.

J. R. JOHN, *contra.*—The whole case turns on the sufficiency of the citation in this case which issued to J. Cooper Waddill, and which is commonly called a "*sci. fa.*" We confidently insist that the citation is good. This paper was issued (on and after suggesting death of William Waddill and leave to revive) by E. M. Gantt, who was known to be clerk of the city court, commanding the sheriff to summon J. Cooper Waddill to be at the next term of *this court,* to be held on the second Monday of July, 1869, and show cause, &c., why he should not be made a party defendant, as executor of William Waddill, deceased, to a suit now pending in said court wherein James R. John, guardian, &c., is plaintiff, and William H. Eagar and William Waddill, jr., were defendants. The indorsements on this paper were—1st, a statement of the case; 2d, city court of Selma, July term, 1869; 3d, Fellows & Johns, and then the sheriff's entries. This, we insist, is all, and even *more,* than our statute requires.

It is true, that in the body of this citation the court is not designated by its name, but it is so designated on the back. But the citation is issued and signed by the clerk of the city court of Selma. E. M. Gantt was not clerk of any other court, and this is all well known. Waddill is required to appear at the next term of *this* (meaning city court of Selma) court, and this court is still more definitely described thus: "to be held on the second Monday in July, 1869." The terms of the city court were fixed by law, as other courts, and no other court held any term on the second Monday in July, 1869. *The city court did.* There is, therefore, not a shadow of a doubt on the *face* of the citation, legally construed, and without reference to the en-

Waddill, Ex'r, v. John, Guardian.

dorsements, as to the court in which the suit was pending, and in which the executor was summoned to appear and show cause.

Give this citation a proper construction, and justice is done; but otherwise, great injustice will be done. The construction we contend for can injure no one; the construction contended for by the appellant will work irreparable injury in this case, and be of no use in any other. And when the endorsements are looked to, and we think they should be, all ground for exception is clearly removed.

It is proper to consider that this is not strictly a proceeding by "*sci. fa.*" It is not a suit. It is not necessary to set out any cause of action. All that the statute seems to require is to inform the representative of the pending suit, by such a description as will enable him to find the case, and that he shall appear at a certain time, either named or fixed by law, and show cause why he, as the representative of the deceased, should not be made a party to the pending suit in a particular character named as the representative. *No other information* is necessary. This gives all the statute requires, and it is simply foolish and absurd to say that J. Cooper Waddill did not know when and in what court he was to appear, or that he did not know to what suit or in what capacity he was to be made a party. The citation gave him all this, and is good.

The revivor was not premature, or otherwise irregular, but in conformity to the statute.— *Farley, Adm'r, v. Nelson,* 4 Ala. 186; Rev. Code, § 2544.

The motion to set aside the former orders of the court, reviving the suit against J. Cooper Waddill as executor, &c., and to quash the *citation,* or, as it is called, the "*sci. fa.,*" was properly overruled and refused for various reasons:

1st. The bill of exceptions shows that *an appearance* had been made. The bill does not state *when* Waddill appeared, but it should be most strongly construed against Waddill, and it is clear, that it was *before* the motion was made; and we say it was *long before the motion was made.*

He appeared, it is said, for the purpose of making the motion. How did he find out the court? When did he appear? If he appeared to make the motion, why did he not make it until after the lapse of eighteen months? Why did he not show when he first found out the citation? Why did he not ask leave to plead a substantial cause against reviving on the ground that he had not been duly informed, &c.? Why did he not show some error or wrong in the revivor? The motion was, therefore, too late, and no excuse shown.

2d. The motion does not show any injury, no surprise, no misleading, and he does not show on the hearing of the motion that he did not know in what court or at what time he was required to appear, or that he did not know in what capacity or to what suit he was to be made a party. He does not show that he was ignorant of the order reviving the suit, or that the appearance to make the motion was not in fact made before the order of revivor. All these things he could have shown, if true. He did not, and the presumptions are against him, and the motion was properly overruled for these reasons.

3d. He does not show that he made any inquiry, and was for want of information prevented from pleading, and in that way showing that the case should not be revived against him. He should have pleaded. He did not, and shows no reason why he did not, except that he had nothing to plead. Pleading was his proper remedy; and the motion made is not the proper remedy.

B. F. SAFFOLD, J.—This suit was commenced in 1867, by the appellee, in the city court of Selma, against Eager and William Waddill, on a promissory note made by them in 1859. At the January term, 1869, judgment was rendered against Eager, and the death of Waddill was suggested, and a *scire facias* asked for to his executor, the appellant. The citation was in these words:

"The State of Alabama, ⎱ To any sheriff of the State
    Dallas county. ⎰ of Alabama, greeting: You are hereby commanded to summon J. Cooper Waddill to

be and appear at the next term of this court, to be held on the second Monday in July, 1869, and show cause, if any he have, why he should not be made a party defendant, as executor of William Waddill, deceased, to a suit now pending in said court, wherein Joseph R. John, guardian, &c., is plaintiff, and William H. Eager and William Waddill, jr., were defendants. And this you shall in no wise omit, and make due return of this writ and the execution thereof.

"Witness my hand, this 29th day of March, 1869.

"E. M. GANTT, Clerk."

Besides the sheriff's receipt and return, there was indorsed on this process the following: "No. 536. Joseph R. John, guardian, vs. William H. Eager and William Waddill, jr. City court of Selma, July term, 1869." At the July term, 1869, the cause was revived against the appellant.

At the fall term, 1870, of the circuit court of Dallas county, the cause having been removed to that court under an act of the legislature abolishing the city court, a motion was made as follows: "The defendant, J. Cooper Waddill, moves the court to set aside and vacate the former order of court reviving this suit against him as executor, and to quash the *scire facias* heretofore issued on which said order of revival was made, on the following grounds," &c. Signed "Jasper N. Haney, *amicus curiæ*, for motion."

Prior to this time, there had been no appearance of this defendant, or of his testator, and none was then entered, except as above stated. The court overruled the motion, and a judgment by default was rendered against the defendant as executor.

The manner of obtaining jurisdiction of the personal representative of a deceased defendant is to cite him to appear at the next term of the court and defend.—Revised Code, § 2544. This citation, called a *scire facias* prior to the Code, and commonly so called since, is perhaps not technically such. It must, however, be considered as a mesne process to be issued from the court, and to contain the essential qualities of a writ to be served on the party,

thereby summoning him to appear in court to hear the complaint against him. These essential qualities are, that it must be signed and tested by the clerk, and directed to the sheriff. It must describe the court properly, have proper parties, and contain a proper cause of action.—3 Chit. Gen. Prac. 163; *Nabors v. Nabors*, 2 Por. 162; Revised Code, §§ 2559, 2560. When, as in this case, the citation is merely a continuation of a pending suit, and its only purpose is to bring the party into court, where he will find the declaration, it is sufficient if he is directed to the case which he is required to defend.— *Toulmin v. Bennett*, 3 Stewart & Porter, 220.

Defects which render a writ voidable only, must be pleaded in abatement. But when they are of such a character that the writ will not support a judgment, it is void. Of this latter class is the insufficient description of the court in which the defendant must appear, because what court is authorized to take action against one of whom it has not obtained jurisdiction.

In this case the citation contains a venue. It is signed and tested by one styling himself clerk, simply. It summons the party to "appear at the next term of *this court*, to be held on the second Monday in July, 1869," without any more particular designation of the court. There is an indorsement upon it of the words, "city court of Selma, July term, 1869." If the process was required to be entitled of any court, or if it was an impropriety for these words to be so indorsed after the service upon the party, the defective description of the court in the body of the citation, might be considered an amendable error, or one rendering the writ voidable merely.

It has been held by this court, that the statement in the summons, or writ, of an erroneous time or place of holding the court, did not affect the process, when it could be treated as surplusage.—*Relfe v. Valentine*, 45 Ala. R 286; *Love v. McRae*, 12 Ala. 444. In *Nabors v. Nabors*, (2 Por. 162,) an error in the time when it was returnable was considered to be available only by plea in abatement, because

the statute (Aik. Dig. 278) so directed. When a proper venue is stated, and the court designated, a defendant can not be prejudiced without fault on his part, inasmuch as he is presumed to know the time and place of holding the court.

In *The State v. Allen*, (33 Ala. 422,) an undertaking of bail was held to be void for uncertainty, because it required the accused to appear before the said justice, "or some other justice of the peace," without naming a place. The court remarked, in argument, that a bond requiring the party to appear at some named circuit court, or some other circuit court, would undoubtedly be void for uncertainty.

It is insisted, that as the appellant was bound to know when the terms of the city court of Selma were to be held, and the time specified in the citation for its return corresponded with the commencement of a term of that court, the venue being right, he was sufficiently informed of the court in which he was to appear. The probate court holds a regular term on the second Monday of each month, and the clerk which its judge is authorized to employ has power to do all acts not judicial in their character.—Rev. Code, 792, 796, § 5.

I have not found any authority tending to show that the people are presumed to know who are the clerks of the various courts. The courts themselves only know judicially their own officers; not those of equal or inferior jurisdiction. On the contrary, there is good reason and much indirect authority why they should not be held to have such knowledge.—*Turner Williams v. The State*, January term, 1872. The court erred in not setting aside the order reviving the suit against the appellant and quashing the citation.

It is not error to revive the suit against the personal representative of the deceased defendant on the second day of the term to which the citation is returnable, if it has been executed. There must be a motion to revive, which is granted by an order of revivor. This can not be made, or will not be operative, until the court has obtained

jurisdiction of the representative. When this is done, the right of the plaintiff to the revivor is complete.—Revised Code, §§ 2542, 2544; *Moore v. Easley*, 18 Ala. 619.

The judgment is reversed, and the cause remanded.