## FLORENCE vs. PASCHAL, ADM'R.

[APPEAL FROM ORDER DISSOLVING INJUNCTION.]

*Notice of motion to dissolve injunction; what insufficient.*—Notice to complainants that application will be made to the chancellor in vacation to dissolve an injunction "at Lafayette, in Chambers county, Ala., or at such place as said chancellor may be required to be by law," is void for uncertainty.

APPEAL from the Chancery Court of Russell.
Heard before Hon. B. B. McCRAW.

The facts are sufficiently stated in the opinion.

J. L. PUGH, for appellant.
HOOPER, contra.

B. F. SAFFOLD, J.—The only question of error submitted in this case is the interlocutory order, in vacation, dissolving the injunction, made on the 24th of October, 1871. The complainants were notified that, ten days after the service of the notice, the defendants would make application for a dissolution of the injunction "to the chancellor at Lafayette, Chambers county, Ala., or at such place as said chancellor may be required to be by law at the date of the expiration of said ten days."

The statute requires ten days notice of the application to be given to the complainant or his solicitor.—Rev. Code, § 3438. Of course, the time and place when the application will be made must be stated in the notice. This stat-

ute provides for a migratory court barely within the verge of legislative discretion, and must be strictly construed.

There can be no doubt that the notice is void for uncertainty. The time designated might have been the same for which some court of the chancellor was appointed. But whether the law required him to be there or not would depend on many contingencies. If he had been summoned elsewhere as a witness in certain cases, or if he or some member of his family had been sick, the law would have excused his attendance on his court. The complainants could not have been required to seek him at Lafayette, because he was not expected to be there, if there was any necessity for him to be any where else.—*State v. Allen*, 33 Ala. 422.

The decree is reversed, and the cause remanded.