Jackson M. Sheets, Impleaded, etc.

*v.*

The People of the State of Illinois.

1. Variance—*pleading and evidence.* Where a *scire facias* on a forfeited recognizance alleged that the principal was bound to appear before the circuit court, etc., and the recognizance read in evidence was conditioned that he should be and appear on the first day of the term, but failed to state in terms where he was to appear: *Held*, that there might have been

a variance but for the fact that the recognizance went further, and required the attendance of the party from day to day during the term of the proper court.

2. The writ in the same case described the recognizance as of the date of March 26, 1867, and it was contended that the record showed it to have been entered into on the 13th of March, 1867, and therefore variant; but it was *held*, that the figures "13th day" referred to the day of the term, which was the 26th day of March, 1867, as appeared from an inspection of the whole record.

APPEAL from the Circuit Court of Edgar county; the Hon. JAMES STEELE, Judge, presiding.

Mr. R. N. BISHOP, for the appellant.

Mr. JOHN BOYLE, State's Attorney, for the People.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a writ of *scire facias*, sued out of the Edgar circuit court, to obtain execution on a forfeited recognizance. It was entered into by John W. Sheets, as principal, and Jackson M. Sheets, as his surety, and was conditioned that if the principal should "appear on the first day of the next term of the Edgar circuit court, and continue from day to day in his attendance thereto, and plead unto the charge alleged in said indictment, and not depart without leave, or until discharged by order of the court or due process of law, then this obligation to be void," etc. The recognizance was properly described in the *scire facias*, and recited the condition that the principal should be and "appear before the circuit court of the county on the first day of the next term, and continue from day to day in his attendance upon said court," etc.

It is insisted that there is a variance between the recognizance described in the writ and that read in evidence. It will be observed that the recognizance is conditioned that he shall be and appear on the first day of the next term, but does not say in terms where he shall appear, whilst the writ recites

that he was bound to appear before the circuit court. This might be a variance if the recognizance had not gone further and provided that he should "continue from day to day in his attendance thereto." This renders the sense of the condition as plain as if it had said he should appear before the court and remain in attendance thereon. He was bound to appear on the first day of the term and continue his attendance thereon until discharged. This is the obvious and unmistakable meaning of the language. In fact, no other can be given to it. No person could fail to so understand it. The recognizance was not set out in *hæc verba,* but only in substance, and that is all the rules of pleading and evidence require. In this there was no variance, and the recognizance was properly admitted under the plea of *nul tiel* record.

It is also urged that there was a variance in the date of the recognizance described in the *scire facias* and that read in evidence. It is insisted that in the writ it is described as of the date of the 26th of March, 1867, and that offered in evidence, it is claimed, bears date March 13th, 1867. From the record, it appears that the caption of the record book in which the proceedings of the court were entered was this: "Edgar circuit court, 13th day, March (26) term, 1867." Immediately under this caption is found the following:

"TUESDAY, March 13, 1867.

"The court met pursuant to adjournment. Present: Hon. James Steele, Judge, etc., as well as the same officers as of yesterday."

Then follows the recognizance. When we see that the caption is of the 26th day of March and the 13th day of the term, we must presume that all proceedings entered under that caption were had on that date, and that "Tuesday, March 13, 1867," which precedes the convening order, refers to the day of the term, and not of the month. Otherwise, there would be a contradiction that could not be explained, and might

perhaps render a portion of the proceedings of the term void. We fail to see that the recognizance was entered into on the 13th day of the month, but, on the contrary, it appears to have been on the 26th day of the month and the 13th day of the term. Whilst it is necessary that the day of the month and the year in which every order was entered should appear, it is not necessary, but is wholly useless, that the day of the term should appear on the record. In this case, from the carelessness of the clerk, doubt has arisen and costs and expenses have been incurred, simply because the clerk has, in a negligent manner, attempted to do an useless act.

No error is perceived in the record, and the judgment is affirmed.

*Judgment affirmed.*

| 63 | 81 |
| 26a | 354 |

| 63 | 81 |
| 66a | 676 |

| 63 | 81 |
| 69a | 621 |

| 63 | 81 |
| 175 | 270 |