T. N. JONES ET AL. *v.* J. E. COKER ET AL.

1. CHANCERY. *Practice in dissolving injunction. Dismissal of bill on demurrer at same term.*

    Where a bill in chancery is filed and temporary injunction granted, it is not error to dissolve the injunction upon motion, and to sustain a demurrer to the bill at the same term of court; and it is not error to dismiss such bill at the same term, if the demurrer is well taken and no application is made for leave to amend.

2. SAME. *Execution on void judgment. Injunction.*

    In the absence of special ground for equitable interposition, chancery has not jurisdiction to enjoin a sale under an execution issued on a void judgment. The remedy at law is complete.

3. JUDGMENT AGAINST BANKRUPTS. *Waiver of discharge.*

    A judgment against discharged bankrupts is not void where the discharges are not pleaded. Failure to plead the discharge is a waiver of such defence.

4. SURETIES ON APPEAL BOND. *Discharge in bankruptcy. How availed of.*

    The sureties in an appeal bond, from the judgment of a justice of the peace, must interpose in the Circuit Court their discharges in bankruptcy acquired after the execution of the bond; and, if they do not, they cannot be relieved in chancery from a judgment upon the bond.

APPEAL from the Chancery Court of Madison County.

Hon. E. G. PEYTON, Chancellor.

J. E. Coker recovered a judgment before a justice of the peace against R. Y. Coker, who appealed to the Circuit Court, and on the fourth day of November, 1873, gave his appeal bond, with T. N. Jones and H. E. Glasscock as sureties. On the thirtieth day of September, 1875, the case was tried in the Circuit Court, and judgment rendered against R. Y. Coker and the sureties on his bond. Execution was issued on the judgment in the Circuit Court, and on the tenth day of March, 1876, T. N. Jones and H. E. Glasscock filed their bill in chancery to enjoin the enforcement of said judgment as against them. The bill alleged that the judgment was void as to the complainants, for the reason that, on the twenty-eighth day of December, 1874, and during the pendency of the action in the Circuit Court, the complainants were discharged in bankruptcy from

all their previous debts and obligations; and that they could not plead such discharge to the action in the Circuit Court, because they were not parties to said action, being only the sureties on the appeal bond of R. Y. Coker, the defendant in the action. Upon a motion made by the defendants in chancery the temporary injunction was dissolved, and at the same term a demurrer to the bill was sustained, and the bill dismissed. The complainants appealed to this court, and assign for error the action of the court below in dissolving the injunction and dismissing the bill.

*J. W. Jenkins*, for the appellants.

1. It is conceded that, as a rule, a bankrupt must plead his discharge, in order to avail himself of its protection. But did the appellants stand before the Circuit Court in such an attitude that they could have availed themselves of their discharge and have prevented judgment from going against them? Could they have put in a plea of any kind whatever? There was no issue between them and J. E. Coker. He was not suing them. They owed him nothing. It was not possible for them to plead their discharge before the judgment was obtained against R. Y. Coker, because until then J. E. Coker did not endeavor to recover against them; and, after judgment was rendered against R. Y. Coker, there was no opportunity for his sureties to interpose a plea in bar of recovery against them, for judgment against them followed instantly, and as a legal consequence of judgment against their principal.

2. The judgment against the principal in the appeal bond is good, but is bad as against the sureties (appellants), who became bankrupts, and were discharged pending the appeal. An execution issued upon the judgment is also good as against the principal, but bad as against the sureties. Now, we cannot in law supersede the execution as to the sureties, without also superseding it as to the principal; for an execution, being an entire thing, cannot, in law, be superseded in part. *Skinner* v. *Jayne*, 24 Miss. 567. It is therefore impossible for the sureties to obtain relief in a court of law. Where defence to an action at law cannot be made, equity will relieve against the judgment. *Willis* v. *Ives*, 1 S. & M. 307. A court of chancery only has jurisdiction, or can give relief to the appellants.

3. It was error in the court to sustain the defendant's demurrer, and dismiss the bill at the same term at which it dissolved the injunction. *Drane* v. *Winter*, 41 Miss. 519; Rev. Code 1871, § 1048.

*R. C. Smith*, for the appellee.

1. Bankruptcy of a defendant or plaintiff is a personal privilege, and must be pleaded, or in some way brought to the judicial knowledge of the court, and in default thereof it cannot afterwards be invoked to relieve the party from a judgment recovered against him. U. S. Dig. 1874, p. 147, plac. 698, 705; *Jenks* v. *Opp*, 43 Ind. 108; *Park* v. *Casey*, 35 Texas, 536; 4 U. S. Dig. p. 124, plac. 152; 3 U. S. Dig. p. 109, plac. 73. The Bankrupt Act, § 34, requires the party to plead bankruptcy and discharge.

2. Nothing which a party could have used in a court of law will be ground for injunction. *Montgomery* v. *Griffin*, Walker (Miss.) 453; *Puckett* v. *McDonald*, 6 How. (Miss.) 269; *Nevitt* v. *Gillespie*, 1 How. (Miss.) 108; *Green* v. *Robinson*, 5 How. (Miss.) 80; *McRaven* v. *Forbes*, 6 How. (Miss.) 569; *Zeiger* v. *Burke*, 3 S. & M. 439; *Nevitt* v. *Homer*, 5 S. & M. 145.

3. Under the Revised Code 1871, § 1334, if the defendant in the Justice's Court be the appellant in the Circuit Court, and a judgment be rendered in the Circuit Court for the plaintiff in the original suit, the judgment shall also be rendered against the sureties as well as the principal. This is all that was done in this case. The sureties were as much in court as the principal, and the judgment rendered against them is good under the statute. *Wright* v. *Simmons*, 1 S. & M. 389.

CAMPBELL, J., delivered the opinion of the court.

Sureties on an appeal bond, executed in an appeal from the judgment of a justice of the peace to the Circuit Court, were discharged in bankruptcy, after they executed the appeal bond and before the trial in the Circuit Court, which resulted in a recovery against the principal obligor who was the defendant in the Justice's Court. A judgment was entered in the Circuit Court against the principal and his sureties jointly, and *fieri facias* issued on this judgment, and was levied on certain chattels of the sureties, who exhibited their bill in chancery to enjoin the

execution on the ground that the judgment was void, because rendered against them on a debt from which they were discharged by bankruptcy, and because they had no opportunity to plead this discharge before judgment on the bond against them. The injunction was dissolved on motion upon the face of the bill, and afterwards, at the same term of the Chancery Court, a demurrer to the bill was sustained, and it was dismissed. Hence an appeal.

It was not erroneous to dispose of the demurrer merely because the injunction had been dissolved at the same term. Sustaining the demurrer disposed of the bill; and it was not erroneous to dismiss the bill (there being no application for leave to amend it), if the demurrer was well taken.

If the judgment against the complainants is absolutely void, their remedy was complete at law ; and chancery had no right to enjoin the sale of chattels in the absence of any special ground for equitable interposition. *Beatty* v. *Smith*, 2 S. & M. 567 ; *Boone* v. *Poindexter*, 12 S. & M. 640. But the judgment was not void, because it was against obligors who had been discharged as bankrupts. A discharged bankrupt waives his defence as such by not pleading it. *Marsh* v. *Mandeville*, 28 Miss. 122.

If it be true, as a legal proposition, that the complainants could not interpose the defence of bankruptcy, and claim its protection as a shield against the judgment being rendered against them, because of the legal impossibility of doing so, a chancery court could relieve them, if their discharge in bankruptcy discharged them from liability on the appeal bond.

But it is not true that the complainants could not interpose their discharge in bankruptcy as an objection to judgment being rendered against them as well as their principal in the bond. By executing the appeal bond they became parties to the suit, at least so far as to entitle them to be heard for their own protection. It was their right to object to the rendition of a judgment against them on the bond because of their discharge from it by matter *ex post facto*. They should have been present at the trial, *actually*, in person, or by attorney, as they were *constructively*, to object to the judgment against them and to show why it should not be rendered. It is true that judgment against

all the obligors in the appeal bond followed a recovery by the plaintiff against the principal, who appealed, according to the provisions of the statute, but that was because there was no sufficient legal objection interposed. If the sureties had a release or discharge from the bond which had inured to them after the execution of the bond and before judgment on it, they had the right, and it was their duty, if they desired to avail of it, to prevent judgment on the bond against them, to have set up this defence in the Circuit Court before judgment, when an issue of law or fact would have been made up and tried. Not having availed themselves of their right to object to judgment against them on the bond, they cannot be heard in chancery to complain of the judgment. *Thomas* v. *Phillips*, 4 S. & M. 358. Every one against whom a judgment is proposed to be rendered has the right to be heard in opposition to it. If the case be such that a judgment against all the obligors in a bond is declared by law to follow a verdict or judgment against the principal, the bond is the instrument subjecting sureties to liability to such judgment, and any thing which discharges from the bond, and is availed of by being set up as a defence, bars a judgment against him who has been so discharged.

This view renders it needless to consider whether their discharge in bankruptcy would have been available against the judgment on the bond.                    *Decree affirmed.*