STATE OF MISSISSIPPI *v.* D. P. RICKETTS ET AL.

1. BAIL BOND. *Judgment. Recital. Collateral attack.*
    On a collateral attack a judgment upon a forfeited bail bond will not be held invalid, because the judgment *nisi* erroneously recites that the obligation was on a recognizance. Such error, if material, can only be availed of on appeal.

2. SAME. *Scire facias. Omission to fix date of return.*
    A *scire facias* on a forfeited bail bond, which cites the parties thereto to appear at the "next term of the circuit court of Grenada county on the —— Monday of January, 1888," is not void for failure to fix the date for the beginning of the term, as this is fixed by law. The parties are sufficiently notified.

3. CHANCERY COURT. *Jurisdiction. Void judgment. Injunction.*
    In the absence of exceptional circumstances warranting the interposition of the chancery court, it will not enjoin a judgment at law void for want of process on the defendant, the remedy at law being complete. *Johnson* v. *Coker,* 53 Miss. 195.

FROM the chancery court of Carroll county.

HON. T. B. GRAHAM, Chancellor.

The appellees, D. P. Ricketts, Sr., and Marcus Askew, exhibited this bill, seeking to enjoin the sheriff of Carroll county from levying execution issued upon a final judgment against them as sureties upon a bail bond.

The bill contains the following allegations: That complainants became sureties for the appearance of D. P. Ricketts, Jr., before the circuit court of Grenada county, to answer the state upon a charge of grand larceny; that at the next term of the said court, their principal failing to appear, a judgment *nisi* was entered for

the penalty of the bond, but in said judgment it was recited that said defendant and his sureties had bound themselves by a recognizance, instead of a bail bond ; that at the next ensuing term said judgment was amended and made to recite that it was rendered upon a bond instead of a recognizance, and judgment final was entered against the complainants for the amount of the penalty. It is further alleged that the judgment was rendered without legal notice to complainants, because the *scire facias* ordered the said principal and sureties to appear before the judge of said court, at a term thereof to be held at the court-house in the town of Grenada, on the ———— Monday of January, 1888, etc., and that the failure to state the time when the said court would convene was a fatal omission and rendered the writ void and the judgment thereon likewise illegal ; that equity must interfere to prevent the execution on the judgment thus rendered. A copy of the *scire facias* showing this omission was filed with the bill of complaint.

Injunction was issued as prayed in the bill, and the district attorney, acting in behalf of the state, moved the court to dissolve the injunction and to dismiss the bill, upon the ground, (1) that the chancery court was without jurisdiction, the remedy of law being complete ; and (2) because the matters stated in the bill did not warrant an injunction of the execution. The court overruled the motion to dissolve, to which action of the court the defendants excepted, and an appeal has been granted to settle the merits of the controversy.

*T. M. Miller*, attorney-general, for the appellant.

There is no hint in the bill of any meritorious defense. The theory is simply that, inasmuch as the writ was void, the judgment was rendered without legal notice and equity must interfere to prevent execution. It is admitted that had the writ been properly served nothing would have stood in the way of a judgment. It is not denied that there was a plain, adequate and complete remedy at law by appeal, or treating the judgment as void by a writ of *coram nobis* with a supersedeas, or by replevy of the personal property levied on.

While it is admitted by appellee's counsel that it is almost universally held that equity will not assert itself where the remedy at law is adequate, it is insisted that the case of a void judgment presents an exception to the rule.    There is absolutely no ground for this exception, and it is certainly not recognized in this state, but the contrary rule has been announced.    *Beatty* v. *Smith,* 2 S. & M. 567 ; *Boone* v. *Poindexter,* 12 Ib. 640 ; *Jones* v. *Coker,* 53 Miss. 195.

The case of *Hemphill* v. *Hemphill,* cited by opposite counsel, is not authority.    In that case it was sought to enjoin the consummation of a fraudulent scheme between the husband and another to the detriment of the wife.    Nor does High on Injunctions sustain appellee's contention, but states the general tendency of the court to be towards the establishment of a simple test as to whether an adequate remedy exists at law for the protection of the judgment debtor against void judgments.    1 High on Inj., § 230.

It is admitted that the condition of the bond was broken.    The only purpose of the injunction is to require the district attorney to begin anew, and have the parties sued again.    In other words, there is no reason in conscience why the parties should not have been required to comply with the terms of their bond.    The general principle underlying the jurisdiction to enjoin judgments is that it must be against conscience to execute the judgment sought to be enjoined. Ib., § 114.

In order to enjoin against a judgment rendered upon a false return, it is essential to allege and prove a meritorious defense to the action.    *Baum* v. *Baer* (MSS. rep.).    I am not aware of any reason for the distinction claimed by counsel to exist in this respect between an ordinary debt sought to be enjoined, and the amount of the penal bond, after the breach of condition making the promise absolute.    One obligation cannot in principle be superior to the other.

*Sullivan & Whitfield,* for appellees.

It is not insisted for appellees that ordinarily a judgment at law voidable or even void will be enjoined in chancery, but by the overwhelming weight of authority, where such judgment is void for failure to serve any process upon a defendant so that the lower ·

court is without jurisdiction of the person, the court of chancery will always enjoin. 1 High on Inj., §§ 228 and 229. Even though the error be one which would avail on appeal, equity will interfere, since in such case defendant is not obliged to appeal instead of resorting to equity. Ib., § 174. Citing *Robinson* v. *Reid's Ex.*, 50 Ala. 69 ; *Connell* v. *Stelson*, 33 Iowa, 149.

This has also been held in Mississippi. *Hemphill* v. *Hemphill*, 34 Miss. 68 ; *Campbell* v. *Brown*, 6 How. 106 ; *McComb* v. *Ellett*, 8 S. & M. 505. See also *Hickey* v. *Stone*, 60 Ill. 458 ; *Nicholson* v. *Stephens*, 47 Ind. 185. The cases of *Jones* v. *Coker, Beatty* v. *Smith*, and *Brown* v. *Poindexter*, were not cases of judgments void at all, much less void for want of jurisdiction of the person. We further cite the court to the following authorities which distinctly and clearly maintain the jurisdiction contended for : *Stubbs* v. *Lavitt*, 30 Ala. 352 ; *Owens* v. *Ronstead*, 22 Ill. 161 ; *Freeman* on Judgts., 497 ; *Landown* v. *Farmer*, 7 Bush, 46 ; *Johnson* v. *Coleman*, 23 Wis. 452 ; *Bell* v. *Williams*, 1 Head, 229.

COOPER, J., delivered the opinion of the court.

The injunction should have been dissolved. The recital in the judgment *nisi* that Ricketts and his sureties had bound themselves by a recognizance instead of a bail bond was, at most, an irregularity, assignable for error on appeal, and not affecting the validity of the judgment in a collateral attack.

The *scire facias* was not void because of the fact that the parties were cited to appear at the " next term of the circuit court to be held in Grenada, in the county of Grenada, on the —— Monday of January, 1888." The law fixed the date for the beginning of said term, and the appellees were sufficiently notified when to appear. *Wharton* v. *Conger*, 9 S. & M. 510 ; *Lore* v. *McRae*, 12 Ala. 444 ; *Yonge* v. *Broxson*, 23 Ib. 684.

But, if the judgment was void, the appellees have a plain, adequate, and complete remedy at law, and no exceptional circumstances are shown warranting the interposition of a court of chancery. *Jones* v. *Coker*, 53 Miss. 195 ; *Beatty* v. *Smith*, 2 S. & M. 567 ; *Boone* v. *Poindexter*, 12 Ib. 640.

*The decree is reversed and injunction dissolved.*