## McGLASHAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 15, 1896.)

### No. 245.

**TERMS OF COURT—CHANGE — TERM HELD AT WRONG DATE—ACT CONG. JUNE 9, 1890.**

Under the statutes in force on September 14, 1889, one term of the United States district court for the district of Kansas was appointed to be held at W., in that state, on the first Monday of September in each year. On September 14, 1889, defendant became surety on a recognizance in the district court at W. for the appearance of one G. at the next term of the court, to be held at W. on the first Monday of September, 1890. By an act of congress of June 9, 1890 (26 Stat. c. 403), the district of Kansas was divided, and the terms of the courts at W. were appointed to be held on the first Monday of March and the second Monday of September. The district court convened at W. on the first Monday of September, 1890, and, before the second Monday, G. having failed to appear, his recognizance, on which defendant was surety, was declared forfeited, and ordered to be prosecuted. *Held*, that the act of June 9, 1890, repealed the former provisions regarding the terms of court at W., and, accordingly, that the session of the district court, held there on the first Monday of September, 1890, was without authority of law, and its proceedings, including the forfeiture of G.'s recognizance, were inoperative and void.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

This was an action brought by the government to recover of the plaintiff in error, upon a recognizance alleged to have been forfeited, in which Guy S. McGlashan was the principal, and the plaintiff in error and J. W. Surfis were the sureties. The cause was tried before the court below without a jury, and judgment rendered for the government for the sum stated in the recognizance, with costs. The facts found by the circuit court are substantially these: At the September term, 1889, of the district court of the United States for the district of Kansas, an indictment was found by the grand jury against Guy S. McGlashan, and by virtue of a capias issued out of the court he was arrested by the marshal of the district and thereupon, on the 14th day of September, 1889, was admitted to bail upon the execution and delivery of the recognizance here sought to be enforced. The recognizance was conditioned that "Guy S. McGlashan shall be and appear in his own proper person before the district court of the United States for the district of Kansas, at the next term thereof, to be holden in the city of Wichita, in said district, on the first Monday of September, 1890, and not depart therefrom without leave of the said court first had and obtained." The district court of Kansas convened in session at Wichita on the first Monday, being the 1st day, of September, 1890, at which time Guy S. McGlashan failed to appear and on the 6th day of September, 1890, being Saturday of the first week in September, proceedings were had in that court by which the recognizance was forfeited and ordered to be prosecuted. The opinion of the court below is reported in 66 Fed. 537.

J. H. M. Wigman, U. S. Dist. Atty., for the United States.

George E. Sutherland, for plaintiff in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, after stating the facts, delivered the opinion of the court.

The sole question presented for decision to the court below was whether the surety was relieved from the obligation of the recognizance by reason of certain proceedings of the district court of the United States for the district of Kansas, subsequent to the alleged forfeiture of the recognizance, which resulted in the entry by that court of a nolle prosequi. We are relieved from the necessity of passing upon the correctness of the conclusion reached by the court below, because we are satisfied that, upon grounds not presented to the consideration of the circuit court, and neither considered nor determined there, the action cannot be maintained. By the second section of chapter 13 of an act approved January 6, 1883, entitled "An act to provide for holding a term of the district court of the United States, at Wichita, Kansas, and for other purposes," it is provided that a certain part of the Indian Territory (within which the offense charged against McGlashan was committed) should be annexed to and constitute part of the United States judicial district of Kansas, and that the United States district courts at Wichita and Ft. Scott, in the district of Kansas, should have original jurisdiction of the offenses committed within the limits of the territory so annexed to the district of Kansas. The act also provided that there should be one term of the United States district court for the district of Kansas held at Wichita in each year on the first Monday of September. 22 Stat. 400. The act of March 3, 1879 (20 Stat. 355, c. 177), provided that there should be one term of the United States district and circuit courts for the district of Kansas held in the city of Ft. Scott in each year, to be held on the second Monday of January. This statute, however, provided that no cause, action, or proceeding should be tried or considered in that court unless by consent of all the parties thereto, or by order of the court for cause. This was the condition of the law, with respect to the terms of court to be held at the two places named, at the time that this recognizance was entered into. By an act of congress, approved June 9, 1890 (26 Stat. 129, c. 403), the district of Kansas was divided into two divisions, to be known, respectively, as the First and Second divisions of the district of Kansas, these divisions, respectively, embracing certain counties named. The city of Wichita was located within the Second division, and the act provided that the terms of the circuit and district courts for that district should be held in the Second division at the city of Wichita on the first Monday of March and the second Monday of September in each year. It is provided by Rev. St. § 573, that "no action, suit or process in any district court shall abate or be rendered invalid by reason of any acts changing the time of holding such courts; but the same shall be deemed to be returnable to, pending, and triable in the terms established next after the return day thereof." For some reason not made known to us the district court of the United States for the district of Kansas convened at Wichita on the first Monday of September,

1890, and held a session at which this recognizance was forfeited, for nonappearance of the principal therein, and this attempted forfeiture took place before the second Monday of September, the date specified in the act of June 9, 1890.

We are unable to understand by what authority of law the district court was convened upon the first Monday of September, 1890. It is true that the act of June 9, 1890 (26 Stat. 129), does not in terms repeal the provision in the act of January 6, 1883 (22 Stat. 400), providing for a term of the court at Wichita upon the first Monday of September, but it manifestly has the effect to repeal that provision. It provides for two terms annually in the Second division of the district,—one on the first Monday of March, and the other on the second Monday of September, in each year. It would be a strange conclusion to hold that the congress intended to allow the former act to remain in force with respect to the sitting of the court on the first Monday of September, when by the latter act two terms were appointed to be held in each year, in that division, and at Wichita,—one of them upon the second Monday of September. The act covered the subject of the terms of court to be held at Wichita, and embraced new provisions, clearly indicating that it was intended as a substitute for all previous provisions designating terms of court to be held at Wichita. It therefore necessarily operated to repeal the former provision. Fisk v. Henarie, 142 U. S. 459, 467, 12 Sup. Ct. 207; District of Columbia v. Hutton, 143 U. S. 18, 26, 12 Sup. Ct. 369. The session of the court, therefore, which was assumed to be held on the first Monday of September, was held without authority of law, and its proceedings were inoperative and void. There was no obligation upon the part of the principal in the recognizance to appear on the first Monday of September, for, although that was the date stated in the recognizance at which the term was to be held, yet by force of the general provision in the statute to which we have referred, and by the very terms of the recognizance, his obligation was to appear at the next term appointed by law to be held, which was upon the second Monday of September. It was not possible that the court could, prior to the time appointed by law for the holding of the term, legally declare a forfeiture of the recognizance. His sureties were not required to produce their principal except at a term of the court authorized by law. The date for the sitting of the court having been changed subsequently to the execution of the recognizance, by force of the statute the recognizance was effectual to require his appearance at the changed date for the sitting of the court, and could not be forfeited prior to that date. It is clear to us that the court which declared the forfeiture in advance of the date fixed by law for the convening of the court was acting without authority of law, and that the forfeiture declared was of no effect. The judgment must therefore be reversed, and the cause remanded, with directions to the court below to render judgment for the plaintiff in error upon the findings of the court.