### UNITED STATES v. ZARAFONITIS et al.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1907.)

No. 1,573.

**1. APPEAL AND ERROR—ACTION ON BAIL BOND—RIGHT OF UNITED STATES TO APPEAL.**

An action by the United States to recover the penalty named in a forfeited recognizance given for the appearance of the defendant in a criminal case is not a criminal proceeding, and the United States may prosecute a writ of error to a Circuit Court for a review of an adverse judgment therein by the Circuit Court of Appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 148; vol. 5, Bail, § 419.]

**2. COURTS—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE—BAIL—VALIDITY OF BOND.**

Under Rev. St. § 1014 [U. S. Comp. St. 1901, p. 716], all proceedings for holding an accused person to answer to a criminal charge before a court of the United States are assimilated to those under the laws of the state in which the proceedings take place, and the sufficiency of a bail bond taken in such proceedings is to be determined by the law of the state.

[Ed. Note.—Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

**8. BAIL—VALIDITY OF BOND—DESCRIPTION OF OFFENSE.**

Code Tex. 1895, art. 309, as amended by Acts 1899, p. 111, c. 74, provides that a bail bond shall be sufficient if it contains the following requisites: "(3) If the defendant is charged with an offense that is a felony, that it state that he is charged with a felony; if the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor." Held, that such provision does not require that the words "felony" or "misdemeanor" shall be used in a bond, but merely permits their use as sufficiently specific, and that a bail bond taken by a United States commissioner sufficiently described the offense where it recited that the principal was "charged with the offense of concealing property from

150 F.—7

his trustee in bankruptcy belonging to his creditors, in violation of the bankruptcy act of the Revised Statutes of the United States."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Bail, §§ 263–270.]

In Error to the Circuit Court of the United States for the Northern District of Texas.

The case is stated in the bill of exceptions found in the transcript as follows:

In the District Court of the United States for the Northern District of Texas.

The United States of America v. John D. Zarafonitis et al. No. 147, Sci. Fa.

Be it remembered that upon the trial of the above entitled and numbered cause in the District Court of the United States for the Northern District of Texas, at Dallas, at a term of said court begun and holden in the city of Dallas, within said district, on the first Monday of May, 1906, the plaintiffs introduced in evidence the bail bond here set out, to wit:

"United States of America, Eastern District of Texas.

"Whereas, John D. Zarafonitis has been arrested, on the oath of J. L. Satterfield, charged with the offense of concealing property from his trustee in bankruptcy, belonging to his creditors, in violation of bankruptcy act of the Revised Statutes of the United States, and on a preliminary hearing on said charge held and had by and before Jesse F. Holt, United States Commissioner in and for the Eastern District of Texas, at Sherman, Texas, on the 13th day of November, 1905, it was found that said defendant was probably guilty of said charge and that he is the same person charged therewith, and fixed his bail at the sum of one thousand dollars, returnable to the District Court of the United States and for the Northern District of Texas at Dallas on the second Monday in January, 1906:

"Therefore we, John D. Zarafonitis, as principal, and ——— and ———, as sureties, each jointly and severally acknowledge ourselves to owe and to be indebted to the United States of America in the sum of one thousand dollars, for the payment of which, well and truly to be made, we do hereby jointly and severally bind ourselves, our heirs, executors, and administrators, forever, conditioned that the said John D. Zarafonitis shall well and truly make his personal appearance in said court at the next ensuing term thereof, and on the first day of said term to be held in the courthouse of the United States at the time and place stated above, and there remain from day to day and from term to term to answer said charge until he shall be legally discharged.

"Witness our hands on this the 13th day of November, A. D. 1905.

"John D. Zarafonitis.
"F. N. Drane.
"S. M. Kerr.

"Approved and filed this 15th day of November, 1905.

"Jesse F. Holt, U. S. Commissioner."

Whereupon defendants demurred and excepted and answered to the same, as shown in their answer set out in this record, and the court thereupon sustained the said demurrers and exceptions and answers set out in this record, upon the ground that the said bail bond was not sufficient in law, in that it did not show that the principal, Zarafonitis, had committed an offense known to the laws of the United States, because the same said bond was insufficient under the statutes of the United States and under the statutes of the state of Texas relating to bail bonds, and thereupon entered judgment for the defendants herein, and set aside the judgment nisi heretofore entered, and refused to give judgment for the United States for the amount of said bail bond, to all of which action of the court the plaintiffs then and there duly excepted and now except, and pray that this bill of exception be made a part of the record in this case, which is accordingly done this, the first day of June, A. D. 1906.

From the adverse judgment the United States sued out this writ of error. The defendants in error move to dismiss on the ground that the government of the United States is not entitled to a writ of error to review proceedings in a criminal case.

Wm. H. Atwell, U. S. Atty.

Nelson Phillips, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). In none of the provisions of the Acts of 1891 defining the appellate jurisdiction of the Circuit Court of Appeals is there any indication of an intention to confer upon the United States the right to bring up a criminal case of any grade after judgment below in favor of the defendant. United States v. Sanges, 144 U. S. 310, 323, 12 Sup. Ct. 609, 36 L. Ed. 445. The motion to dismiss this writ of error is based upon the proposition that the case below was a criminal case or proceeding, which the government is not entitled to bring up for review in this court.

Under the laws of the United States a bail bond given in a criminal case is a contract between the sureties and the government that, if the latter will release the principal from custody, the sureties will undertake that he shall personally appear at a specified time and place to answer. If the condition of the bail bond is broken by the failure of the principal to appear, the sureties become the absolute debtors of the United States for the amount of the penalty. See United States v. Van Fossen, 1 Dill. 408, Fed. Cas. No. 16,607; People v. Anable, 7 Hill (N. Y.) 33; 1 Chitty's Criminal Law (Ed. of 1836) 92. The procedure to recover on the forfeiture of a bail bond is not controlled by the statutes of any state, except so far as actions at law are controlled by the state practice, and therefore a debt resulting from the forfeiture of a bail bond for the appearance of a party in a criminal case may be enforced by scire facias in the court possessing the record or by an ordinary suit in any other court of competent jurisdiction. United States v. Insley, 54 Fed. 221, 4 C. C. A. 296. And see Van Fossen Case, supra, which was an ordinary suit brought in the Circuit Court to recover on a recognizance taken and forfeited in the District Court; also United States v. McGlashen, 66 Fed. 537, which was a suit brought in the Circuit Court for the Eastern District of Wisconsin to recover on a forfeited recognizance to appear before the United States District Court for the District of Kansas. The same case, in the Circuit Court of Appeals, Seventh Circuit, is found in 71 Fed. 434, 18 C. C. A. 172.

The action to enforce, whether by a scire facias or by ordinary suit, does not involve the guilt or innocence, conviction or acquittal, of any party, and therefore it is not a criminal case of any grade within the ruling of United States v. Sanges, supra. Nor do we think that such action can be considered in any reasonable sense a criminal proceeding, although it may be a proceeding arising in a criminal case. For more discussion on this point, see Kirk v. United States (C. C.) 124 Fed. 333. It follows that most of the cases cited in support of the motion to dismiss are either not applicable or not controlling as to our jurisdiction on the present writ. We distinguish the case of United States

v. Dunbar, 83 Fed. 151, 27 C. C. A. 488, as one in which the Circuit Court of Appeals for the Ninth Circuit allowed the United States to successfully prosecute a writ of error in case of a forfeited recognizance. The record shows no active objection or ruling made on the subject; but the case is valuable from the fact that in all the courts of the United States there is a standing exception, at least to the point of inquiry, to the jurisdiction of the court.

The motion to dismiss is overruled.

On the merits, the question is whether the offense of which the principal, Zarafonitis, is charged is sufficiently described in the bond to wit:

"The offense of concealing property from his trustee in bankruptcy belonging to his creditors in violation of the bankruptcy act of the Revised Statutes of the United States."

The bankruptcy act of 1898 (section 29, par. "b") provides that:

"A person shall be punished by imprisonment for a period not to exceed two years upon conviction of the offense of having knowingly and fraudulently concealed while a bankrupt, or after his discharge, from his trustee any property belonging to his estate in bankruptcy." Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433].

Describing in a recognizance or bail bond the offense of which the principal is charged is for the purpose of identifying the case and to inform the principal and sureties of the obligations to be assumed. We agree substantially that proceedings for the admission of parties to bail under section 1014, Revised Statutes [U. S. Comp. St. 1901, p. 716], are to be agreeable to the usual mode of process in the state where the bond or recognizance is taken, and that the mode of process means mode of proceeding, and that it was the intention of Congress to assimilate all proceedings for holding accused persons to answer before a court of the United States with proceedings had for similar purposes by the laws of the state where the proceedings should take place. See 2 Fed. St. Ann. p. 322, note, and adjudged cases there cited.

The bond in this suit was taken in the state of Texas, and we therefore look to the Texas statutes for the mode of process, so far as such process affects the sufficiency of such bond. In the Texas Code of 1895 it was provided, in article 309, that a bail bond shall be sufficient if it contains the following requisites:

"(3) That the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the law of the state."

Under this statute there is a numerous variety of decisions, more or less technical and conflicting, in regard to what was a sufficient compliance with the statute, and what was not. Many of these decisions are cited in the briefs; but the Legislature of the state intervened in 1899 (Acts 26th Leg. p. 111, c. 74) evidently to simplify the law, and amended the third paragraph of article 309 so as to read:

"(3) If the defendant is charged with an offense that is a felony, that it state that he is charged with a felony; if the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor."

And to this amended section we are to look to determine "the usual mode of process" in regard to bail bonds taken by committing magis-

trates in the state of Texas. The offense charged against the principal in the bond herein cannot be classed as a felony. It carries with it a punishment by imprisonment in the penitentiary not exceeding two years. At common law it would probably be described as a misdemeanor, which is, according to Blackstone, "an indictable offense not amounting to felony." 4 Chitty's Blackstone, 5, and note. It follows, therefore, that according to the usual mode of process in Texas it would have been a sufficient description of the bond in question to have stated that the principal was charged with a misdemeanor, which, so far as information as to the real case against the principal, was to refer him and his sureties to the Revised Statutes of the United States, title "Crimes," where, under the distinction above given, nine-tenths of the offenses denounced are misdemeanors, and for which the punishment runs from simple fine of $100 to imprisonment in the penitentiary for ten years; for they are neither felonies by the common law nor are they declared felonies by the statutes. The information the sureties actually got from the bond in suit was that their principal was charged with the offense of concealing property from his trustee in violation of the bankruptcy law of the United States.

It is contended that this description of the offense charged is insufficient, because it neither classifies the offense as a misdemeanor nor follows the exact language of the statute. Exactly what injury resulted to the defendants in error does not appear, but certainly they got more information from the description given than they could possibly have got from the word "misdemeanor." Since the amendment to article 309, the superior courts in Texas have decided few cases under the same, so far as the reports show. In Wisdom v. State (Tex. Cr. App.) 86 S. W. 756, it was held that a bond under article 309 as amended, stating the charge as "seduction," was sufficient, seduction always being a felony; and, among other things the court remarks:

"Article 309, supra, does not require as the sine qua non to its sufficiency that the word 'felony' be used. It is sufficient if it is used; but it would be equally sufficient if the bail bond shows such matters as make it certain that the offense mentioned is a felony or misdemeanor, as the case may be."

And "aggravated assault" has been held as a sufficient description in a bail bond, because an aggravated assault under the statutes of Texas is a misdemeanor. According to Blackstone, "crime" and "misdemeanor," properly speaking, are synonymous terms. 4 Steph. Com. 57. And according to Burrill "offense" is now used synonymously with "crime." Burrill, Law Dict. verbo "Offense." In the bail bond here in suit the recital notifies the parties signing the same that the principal is charged with the offense (that is, "crime," "misdemeanor") of concealing property belonging to his creditors from his trustee in bankruptcy in violation of the bankrupt law. It gave them all the information contemplated by the usual mode of process in such cases in Texas—all that they needed for all practicable uses; and, in our opinion, the same was good and sufficient.

Great stress in the argument was laid on Judge Maxey's opinion in United States v. Sauer (D. C.) 73 Fed. 671, and we deem it proper to say that we think the learned judge was correct in his ruling in that case; but we note that the case was ruled under article 309 before it

was simplified by amendment, and that the description of the charge in the instant case is much more full than in the Sauer Case.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.