ANDREW WASHINGTON ET AL. *v.* STATE OF MISSISSIPPI.

[53 South. 416.]

BAIL. *Forfeiture. Judgment nisi. Scire facias. Nature. Jury trial.*

A proceeding by the state to make final a judgment *nisi,* rendered on a forfeited bail bond:

(a) Is a civil and not a criminal proceeding; and

(b) A *scire facias* thereon is a pleading, as well as process by which the defendants are summoned to appear and answer; and

(c) The defendants are entitled to a trial by jury of an issue of fact presented by a plea to the *scire facias.*

FROM the circuit court of Warren county.

HON. CHARLES S. THOMES, Special Judge.

Washington and another, sureties on the forfeited bail bond of one Samuel Washington, appellants, were defendants in the court below; the state, appellee, was plaintiff there. From a judgment in plaintiff's favor the defendants appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Dabney & Dabney,* for appellants.

If the Constitution which guarantees that the right of trial by jury shall remain inviolate, does not embrace a case of this character, we cannot conceive of an issue involving the liability to pay money which would be tried by a jury. Here were a number of witnesses who testified to facts which were circumstances strongly pointing to the conclusion that Samuel Washington had been taken by a mob and killed, yet the court, at the instance of the district attorney, refused to permit this issue to be tried by a jury, and over the objection and protest of the sureties, assumed the right to hear these witnesses and draw his own conclusions from their testimony, and decide the issue of fact raised by the plea

without the intervention of a jury. It was not the right of these sureties to ask whether or not the judge had already formed an opinion as to the merits of the controversy. They were forced to be tried, in effect, by a jury of one man, with no voice in his selection, without even the privilege of inquiring whether he was impartial and free from bias. We are not intimating that the judge was unfair or biased. The question is: What might be done under the construction put on section 1468 of the Code of 1906 by the trial judge? In cases of prejudgment, bias, prejudice, or other disqualification, the law would be the same. A construction of the statute which would make possible such injustice to a litigant is wholly at variance with modern jurisprudence and the constitutional guaranties of fair and impartial trials and trials by juries.

In the case of *Smith* v. *Smith,* 1 How. (Miss.) 102, it appears that a judgment had been rendered against Prestwood Smith, principal, and the surety, John Smith, and the surety having paid the money, made a motion for a judgment against the administrator of the principal, and the court sustained the motion and rendered judgment. On appeal by the administrator, it was held (Chief Justice Sharkey delivering the opinion) that the statute authorizing a judgment to be rendered on a motion in this way, was unconstitutional, because it afforded no opportunity of a trial by jury. It does not appear that in that case there was any request for a trial by a jury, nor any objection to the motion being heard by the court. It was a naked, abstract question in the absence of any objection, of whether the court should hold the statute void upon the ground that no provision was made in it for a trial by jury.

It has been since held (*Woodward* v. *May,* 4 How. (Miss.) 399), that the statute was not unconstitutional, not because the court had a right to try the issue of fact on motion without a jury, but because, by a proper

construction of the statute, the parties had a right to a trial by jury. In the Woodward case the facts were similar to those in the Smith case (1 How. Miss. 102), and the issue was tried by a jury, the right apparently being recognized by the lower court. A judgment for the plaintiff, on a verdict in his favor, having been arrested by the trial judge on the authority of the decision in the Smith case, upon the ground that the statute, similar to our present one, was unconstitutional, an appeal was taken to this court and the action of the lower court was reversed and the judgment reinstated, for the reason, that inasmuch as a jury trial could be had under the statute, on the motion, and as a jury had in fact been had, there was no reason for adhering to the decision that the statute was unconstitutional. The principle announced in the Smith case was sustained, and the decision in it was not overruled except, in so far as it held that under the statute a jury trial could not be had. If, in the Smith case, the court had thought the parties entitled to a jury trial under the statute on the issue raised on the motion, it would not have held the statute unconstitutional.

The decision in the Smith case, for the purposes for which we invoke it, has never been overruled nor questioned.

*James R. McDowell,* assistant attorney-general, for appellee.

The sureties seek to avoid liability on the theory that Samuel Washington was killed by a mob. Admitting every syllable of the testimony adduced by appellants at the trial to be true, there is nothing in the testimony to show that Samuel Washington is dead. It is merely a conjecture of the witnesses. He seems to have disappeared, but whether he was killed, or ran away, or was spirited away by friends, is entirely a matter of conjecture. His father and brothers testified that he was

taken from the house at night by unknown parties, and that they have not seen nor heard anything of him since, and that they think he must be dead. Will any court base a solemn judgment on such testimony? Would any jury convict a member of the party who took Washington away from home, of murder? Certainly not. The body of the convicted man must be produced or a crime shown to have been committed. The *corpus delicti* if you please must be shown. Would any insurance company pay a death claim on such testimony? Certainly not. Then should the state release those who voluntarily obligated themselves to bring this man to the bar of justice to answer a serious charge simply because they cannot find him?

It is no violation of the constitutional provision, guaranteeing the right of trial by jury to refuse to impanel a jury in order to make final a judgment *nisi,* forfeiting a bond. It is the proper procedure under our statutes. No jury would be granted at common law, and none should have been granted by the trial court in the instant case. *Lewis* v. *Garrett,* 5 How. (Miss.) 434.

McLAIN, C.

An affidavit was made before a justice of the peace of Warren county, charging Samuel Washington with murder, and after an investigation of the charge by said justice of the peace he was released on bond, conditioned upon his appearance at the circuit court of Warren county to answer said charge. Sylvester C. Reagan and Andrew Washington became the sureties on the said bond. On failure of Samuel Washington to appear and answer said charge, judgment *nisi* was taken, as provided by § 1468, Code 1906. A *scire facias* was issued, and after several terms the judgment *nisi* was called for trial, and the sureties on said bond appeared and filed a special plea to the writ of *scire facias,* issued on the judgment *nisi,* setting up in substance that Sam-

uel Washington had been taken by mob and lynched and killed, and that, therefore, they were for that reason unable to produce his body. This was denied by the state. Upon filing the above plea, the sureties demanded a jury to try the issue. The court refused to grant their request, and proceeded to try the matter himself, and, after hearing all the testimony, made the judgment *nisi* final.

There are many assignments of errors in this cause, but we will only consider the one complaining of the action of the court in refusing a jury to try the case. From the above statement of the case, it is clearly seen that this proceeding is one by *scire facias,* to make final a conditional judgment rendered against the defendants as sureties on a forfeited bail bond. It is a suit for the recovery of money, and the proceedings are civil, and not criminal, in their nature. Our statute is silent as to how the facts shall be tried in a case of this character; but it is equally true there is nothing in the statute which denies a trial by jury. It has been held by this court that the *scire facias* on a judgment *nisi* rendered on a forfeited bond, is to be regarded as a declaration, as well as the process, or writ, by which defendant is summoned to appear. *Curry* v. *State,* 39 Miss. 511; *Tucker* v. *State,* 55 Miss. 454.

It occurs to us that the proceedings on a *scire facias* of this character are the same as in other civil cases, where a question of fact is raised by the pleadings. The issue raised by a plea of *nul tiel* record is one, of course, for the court to determine; but the character of the plea filed in this case raises a question of fact, and it should have been submitted to the jury. Cyc., vol. 5, 61-68; *Labarre* v. *Fry's Bail,* 9 Mart. O. S. (La.) 382; *Short* v. *State,* 16 Tex. App. 44; *Hart* v. *State,* 13 Tex. App. 555; *Spencer* v. *Fish,* 43 Mich. 227, 4 N. W. 168, 287, 5 N. W. 95. To inflict liability upon appellants in this cause requires the same kind of proof that would be required

upon any simple contract to which they might be parties.
By an erroneous conclusion on the facts by the trial
judge, appellants would be harmed just as much as in
any other case of a civil nature. It seems to us, if an
inquiry by a jury was ever important to the citizen
in any cause, appellants were entitled to it in a case of
this character, and their request for one should not have
been denied.                        *Reversed and remanded.*

PER CURIAM. For the reasons above set forth by the
commissioner, the judgment is reversed and the cause
remanded.