## JOELSON v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 13, 1923.)

No. 2871.

1. **Bail** ⊚⇒59—**Necessity for setting out date of appearance.**

It is not essential that the exact date be expressly set out in a recognizance, if the time when the defendant is to appear is sufficiently fixed by the other terms of the recognizance, and a recognizance conditioned for the appearance of the defendant at the "next term" of court sufficiently fixes the time of appearance and is valid.

2. **Bail** ⊚⇒62—**A contract between government and principal and surety; "bail bond."**

A "bail bond" is a contract between the government on the one side and the principal and surety on the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bail Bond.]

**3. Bail ⬅➡62—Bonds construed as other contracts.**

    Like other contracts, a bail bond must be construed according to its express terms, and when it is defective as to the place and time at which defendant is to appear, these may not be supplied by intendment.

**4. Bail ⬅➡59—Bond not showing place and time of appearance fatally defective.**

    If the place and time of appearance by defendant are not expressly stated in a recognizance, and these cannot be fixed by other terms in it, the omission is fatally defective.

**5. Bail ⬅➡59—Bond held not to sufficiently show time and place of appearance.**

    A recognizance providing that defendant should appear "on the first day of term to be begun and held at ——, on the —— day of 192—, at —— o'clock —— M., and from time to time thereafter, to which the case may be continued —— and then and there abide by the judgment of said court, and not depart without leave thereof," was fatally defective, in not setting out the time and place of appearance.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Proceeding by the United States of America against Harry Joelson on a forfeited recognizance. From a judgment striking out his answer, defendant brings error. Reversed, with directions.

Stein & Stein and Peter McGinnis, all of Paterson, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Walter H. Bacon, Jr., of Bridgeton, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. The defendant below sued out this writ of error to review the judgment of the District Court entered upon striking out the answer of the defendant, Joelson, in a proceeding on scire facias on a forfeited recognizance. Before James F. Mooney, United States commissioner, Morris Rosen, principal, and Harry Joelson, surety, on April 12, 1920, entered into recognizance conditioned for the appearance of Rosen before the District Court. On June 29, 1920, Rosen was indicted, and on July 13, 1920, appeared and pleaded not guilty, whereupon an order was entered continuing the bail. Two other indictments were returned by the grand jury against him on August 31, 1920. The numbers of the indictments were 5,617, 5,697, and 5,699. On September 7, 1920, Rosen entered a plea of not guilty to the second and third indictments, and on January 25, 1921, he was tried and convicted on the second indictment, No. 5,697. He was notified to appear for sentence February 2, 1921, but did not appear. Joelson was notified to produce him for trial on indictment No. 5,617 on May 12, 1921, and upon his failure to appear the recognizance was forfeited, and on May 17, 1921, the writ of scire facias was issued thereon. In this it was alleged that the condition of the recognizance entered into on April 12, 1920, was:

"That if the said Morris Rosen should personally be and appear before the District Court of the United States, to be holden at Trenton, in and for the said district, on the —— day of —— then next ensuing, then and there to answer all such matters and things as shall be objected against him, and abide the order of the court, and not depart the said court without leave,

then the said recognizance to be void, or else to be and remain in full force and virtue."

Counsel for the government states in his brief that:

"The recognizance in suit was properly executed before a United States commissioner, and the court and place where the accused was to appear were properly designated therein. While there was a failure to state the exact day and month for such appearance, it did provide for the appearance of the accused before the District Court of the United States to be holden at Trenton, in and for said district, then next ensuing. As the recognizance was entered into in April, 1920, and the term of the court at Trenton then next ensuing was in September, 1920, the recognizance in suit was at least sufficient to require the appearance of the accused at Trenton in September, 1920."

[1-4] It is not essential, as the government states, that the exact date be expressly set out, if the time when the defendant is to appear is sufficiently fixed by the other terms of the recognizance. Mooney v. People, 81 Ill. 134; Hunter v. State, 21 Ind. 351. A recognizance conditioned for the appearance of the defendant at the "next term" of court sufficiently fixes the time of appearance, and is valid. Gay v. State, 7 Kan. 394; State v. Ansley, 13 La. Ann. 298; Kellogg v. State, 43 Miss. 57. If, therefore, the recognizance "did provide for the appearance of the accused before the District Court of the United States to be holden at Trenton, in and for the said district [at the term] then next ensuing," it was sufficient. But the government is mistaken as to the fact alleged. The recognizance provided that Rosen should appear "on the first day of term to be begun and held at ———, on the ——— day of 192—, at ——— o'clock —M., and from time to time thereafter, to which the case may be continued, * * * and then and there abide by the judgment of the said court, and not depart without leave thereof." It appears, therefore, that the recognizance did not require Rosen to appear at any particular place or time.

A bail bond is a contract between the government, on the one side, and the principal and surety, on the other. United States v. Zarafonitis et al., 150 Fed. 97, 80 C. C. A. 51; Kirk v. United States (C. C.) 131 Fed. 331. Like other contracts, it must be construed according to its express terms, and when it is defective as to the place and time at which defendant is to appear, these may not be supplied by intendment. State v. Casey, 27 Tex. 111; Horton v. State, 30 Tex. 191. If the place and time of appearance by defendant are not expressly stated in a recognizance, and these cannot be fixed by other terms in it, the omission is fatally defective. State v. Allen, 33 Ala. 422; People v. Carpenter, 7 Cal. 402; Sheets v. People, 63 Ill. 78.

[5] But it is urged that, since this recognizance has three conditions —(1) to appear; (2) to abide by the judgment of the court; and (3) not depart the court without leave—and that "each of these particulars is distinct and independent," the violation of any single one of them sustains the government's contention. State v. Stout, 11 N. J. Law, 134. These three conditions are, in a sense, separate and distinct, but chronologically they are not. The recognizance provides that Rosen shall "then and there" abide the judgment of the court and not depart without leave. But there are no antecedents of "then and there."

There was no particular time and no particular place when and where he was to appear. In other words, these adverbs of time and place refer to no time and no place. It was only after the first condition was performed that the other two became operative. After he appeared, "then," and was before the court, "there," he was, "then and there," to abide the judgment of the court and not depart without leave. The time and place never existed upon which the operation of the other two conditions began. Under the terms of the contract, Rosen was under no obligation whatever to appear at any time or place before the court. This omission of the condition was a fatal defect, and the recognizance was a nullity.

The judgment of the District Court is reversed, with directions to reinstate the answer and supplemental answer.