## UNITED STATES v. EWING et al.

District Court, N. D. Mississippi, Delta Division. May 14, 1927.

1. Contracts ⬤346 (15)—Plaintiff may not declare on joint obligation and recover on several one (Code Miss. 1906, §§ 2682, 2683).

Though, under Code Miss. 1906, §§ 2682, 2683, distinctions in remedies on joint and joint and several obligations are abolished, plaintiff may not declare on a joint obligation and recover on a several one.

2. Courts ⬤339—Liability of surety's administrator in proceeding after judgment nisi on bail bond given in federal court is determinable by state law (Comp. St. § 1537).

Under the conformity statute (Comp. St. § 1537), liability of surety's administrator in scire facias after judgment nisi on a bail bond is determinable according to state law, notwithstanding the fact that the bail bond was executed in criminal proceeding pending in federal court.

3. Bail ⬤82—Judgment nisi and scire facias to recover on bail bond is "civil proceeding."

Proceeding by way of judgment nisi and scire facias to recover on bail bond is regarded as a "civil proceeding."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit—etc.]

4. Bail ⬤93—Joint judgment nisi against principal and sureties, one of whom was dead, was void.

Taking joint judgment nisi against principal and two sureties on bail bond, one of which sureties was dead, rendered judgment absolutely and entirely void.

5. Scire facias ⬤1—"Scire facias" is judicial writ, founded on some matter of record, issuing out of court where such matter is.

"Scire facias" is a judicial writ, founded on some matter of record, as a recognizance or judgment issued out of the court where the recognizance or judgment is, and where it lies to obtain judgment or execution.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Scire Facias.]

6. Scire facias ⬤1—Writ of scire facias will not obviate or cure defect rendering judgment on which it depends void.

When a writ of scire facias depends on an original judgment, it will not obviate or cure a defect which renders the judgment void.

7. Scire facias ⬤1—If judgment on which scire facias issued was void, no final judgment or execution can be based thereon.

If judgment on which a scire facias is issued is a nullity, no final judgment or execution can be based thereon, and it is a complete defense to say that there is no such judgment, or that judgment is utterly and entirely void.

At Law. Scire facias by the United States against W. H. Ewing and others. Judgment was entered against W. H. Ewing and J. C. Leeton, and subsequently scire facias was issued to the administrator of W. T. Adams, as surety. Order dismissing scire facias, with directions.

John H. Cook, U. S. Atty., of Clarksdale, Miss., and Lester G. Fant, Asst. U. S. Atty., of Holly Springs, Miss.

Roberson, Yerger & Cook, of Clarksdale, Miss., for defendants.

HOLMES, District Judge. At the October, 1925, term of this court, a judgment nisi was taken on a bail bond in the penal sum of $2,000 against W. H. Ewing, as principal, and J. C. Leeton and W. T. Adams, as sureties, jointly. In accordance with a provision of the judgment, a scire facias was issued for said defendants, returnable to the next term of court. W. T. Adams, one of

the above sureties, was dead at the time of the entry of the said judgment nisi, and at the next, or January, 1926, term, upon this fact being made known, judgment final was entered only against the principal and J. C. Leeton, the other surety.

After the adjournment of the January, 1926, term, upon application of the United States attorney, scire facias was issued to the administrator of the deceased surety to appear and show cause why the said judgment nisi should not be made final. It is unnecessary to decide here whether scire facias may be issued by the clerk upon application of one of the parties without previous order of court. Note IX, 122 Am. St. Rep. 89.

The administrator of W. T. Adams filed two pleas, one of nul tiel record, and another that the judgment nisi was void because W. T. Adams was dead at the time of its entry. No judgment nisi was ever taken against Adams in his lifetime, and none at all against the administrator.

[1] Under the Mississippi law (chapter 71, Code of 1906) all distinctions in remedies upon joint and joint and several obligations are abolished and rendered joint and several. Steen v. Finley, 25 Miss. 535. But the plaintiff may not declare upon a joint obligation and recover upon a several one. Kimbrough v. Ragsdale, 69 Miss. 674, 13 So. 830.

[2] The liability of the administrator in this proceeding must be determined by the Mississippi law, notwithstanding the fact that the bail bond was executed in a criminal proceeding pending in a federal court. U. S. v. Zarafonitis (C. C. A.) 150 F. 97, 10 Ann. Cas. 290. Even though the government might have proceeded by an independent action on the bail bond, it has not done so, but has elected to proceed here by way of judgment nisi and scire facias. There being no federal statute applicable, except the conformity statute (Comp. St. § 1537), we look for guidance to the common law and the statutes of Mississippi.

[3] Both state and federal decisions regard this as a civil proceeding. U. S. v. Zarafonitis, supra; Washington v. State, 98 Miss. 150, 53 So. 416. State statutes regulate the procedure in Mississippi on a forfeited bail bond or recognizance.

Section 1468, Code of 1906, provides that "the court may, at any time after default made, enter judgment nisi against the obligor and his sureties, * * * and thereupon a scire facias may issue," etc. If one of the sureties "shall be dead at the time for judgment to be rendered, * * * that shall not prevent judgment from being rendered * * * against parties thereto who are living, but judgment may be rendered against such parties, and judgment nisi may be entered against the personal representatives of parties who are dead, and citation shall be issued to the personal representative to show cause why the judgment should not be made absolute against them, and it shall be made absolute unless, upon the return of citation executed, good cause be shown against it. Execution may be issued on such judgment against the living parties, and after the absolute judgment against the personal representatives, execution may be issued against them to enforce it." Hemingway's Code, § 738.

[4] This procedure was not followed, but, on the contrary, a joint judgment nisi was taken against the principal and the two sureties, one of whom was dead. This rendered the judgment absolutely and entirely void. Parker et al., Administrators, v. Horn, 38 Miss. 216; Weis v. Aaron, 75 Miss. 138, 21 So. 763, 65 Am. St. Rep. 594. This is not an original suit on a forfeited bail bond, but the plaintiff is seeking by a scire facias proceeding to predicate a final judgment against the administrator on a void judgment nisi.

[5, 6] A scire facias is a judicial writ, founded on some matter of record, as a recognizance or judgment, issuing out of the court where the recognizance or judgment is, and on which it lies to obtain the judgment or execution. Bingham on Judgments and Executions, § 122. It is used both as an original writ to obtain a judgment where none has before existed, and as a writ in execution or continuation of a judgment previously entered. 24 R. C. L. 666. When the writ depends upon an original judgment, it will not obviate or cure a defect that renders the judgment void. 24 R. C. L. 669; note, 94 Am. Dec. 222 et seq.

[7] If the judgment on which the scire facias was issued is a nullity, no final judgment or execution can be based thereon. The scire facias in this case purports to be issued on a judgment nisi, and it must appear that there is such a valid judgment establishing plaintiff's right to a specific sum of money. It is a complete defense to say that there is no such judgment, or, as here, that the judgment is utterly and entirely void. The plea of nul tiel record may be sustained, and the scire facias against the administrator dismissed. Jones v. Coker, 53 Miss. 195; State v. Ricketts, 67 Miss. 409, 7 So. 282.

If the United States attorney desires to take judgment nisi de novo against the living surety and the administrator, he may do so. An order may be entered in accordance herewith.