STEWART *v.* STATE.*

(Division A. June 11, 1928.)

[117 So. 533. No. 25539.]

---

*Corpus Juris-Cyc. References: Bail, 6CJ, p. 1050, n. 71; p. 1053, n. 97; Death of principal after forfeiture but before judgment thereon as releasing surety on bond, see 3 R. C. L. 55; 1 R. C. L. Supp. 756.

*Weir & Triplett*, for appellant.

*J. A. Lauderdale*, Assistant Attorney-General, for the state.

SMITH, C. J. The appellant appealed to this court from a conviction of a felony. He was granted bail pending the appeal, and executed a bond therefor in the penalty of one thousand five hundred dollars, with D. H. Crosby, W. L. Crosby, and M. D. Hollis as sureties thereon. He failed to appear before the court to receive judgment as provided by section 4935, Code of 1906 (section 3416, Hemingway's 1927 Code), and a forfeiture on his bond was taken. A judgment *nisi* was rendered, and process was issued for, and served on, his sureties.

In an answer filed by the sureties, they state that they have been unable to locate Stewart, but there is a rumor to the effect that Stewart was drowned in the recent overflow of the Mississippi river, which they believe to be true. This overflow of the Mississippi river occurred after the judgment *nisi* on the bond had been rendered. The release of sureties on a bail bond from liability thereon is not within the discretion of the courts; they being authorized to grant such relief only when a legal right thereto has been made to appear.

The statutes here pertinent are sections 1468 and 1470, Code of 1906 (sections 1287 and 1289, Hemingway's 1927 Code). The death of the principal in a bail bond before forfeiture will relieve the sureties thereon. *Washington* v. *State*, 98 Miss. 150. And some courts hold that the sureties, under such circumstances, may be relieved,

even though the death of the principal occurred after the forfeiture, but before final judgment is rendered thereon. 6 C. J., section 1053; 3 R. C. L. 55. It will not be necessary for us to decide whether such is the rule in this state, for, assuming that it is, the death of the principal must, of course, be established by competent evidence. The only evidence here offered of the death of the principal is a mere rumor, which the bondsmen state they believe to be true. That such evidence is inadmissible, and that the courts are without the right to act thereon, is so elementary that authority therefor is unnecessary.

The judgment of the court must, and therefore will, be made final.

*Affirmed.*